## WOOD & CO. v. VAL BLATZ BREWING CO.

No. 13116—Opinion Filed Sept. 29, 1925.

**1. Set-Off and Counterclaim—Claims Arising Under Contract.**

In an action against one upon contract, he may offset or plead as a defense thereto any claim arising to him by virtue of any contract with the one instituting the suit.

**2. Same—Counterclaim.**

A cause of action arising in favor of the defendant out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action, may be plead as a counterclaim.

**3. Sales—Breach of Warranty — Remedies of Purchaser.**

When one purchases an article under a certain warranty, and the article fails to comply with the warranty, the purchaser has two remedies: (1) He can return the article within a reasonable time after learning of the breach of warranty and sue for a cancellation of the contract. (2) He can retain the article and recover the difference between the actual value of the article at the time of the purchase and what its value would have been if it had been as represented.

**4. Sales — Implied Warranty — Fitness of Beverage for Consumption.**

In the absence of contract which negatives the same, there is an implied warranty in the sale of goods, wares, and merchandise, drinks sold for human consumption as a beverage, that it is reasonably fit for the purpose for which it is ordinarily sold, or that it is fit for the special purpose intended by the buyer, if that purpose be communicated to the vendor when the order is given.

**5. Same—Breach of Warranty Not Waived by Acceptance of Goods.**

Where the law implies a warranty, the acceptance of the goods, with knowledge of the defects, will not bar an action for damages on account of a defect in the quality; but in such a case the warranty will survive the acceptance.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Action by the Val Blatz Brewing Company against Wood & Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Lydick & Wilson, Kittie C. Sturdevant. McPherren & Wilson, for plaintiff in error.

Abernathy & Howell, for defendant in error.

Opinion by JONES, C. This action was instituted in the superior court of Pottawatomie county, Okla., by the defendant in error, as plaintiff, against the plaintiff in error, as defendant, to recover the sum of $693, the purchase price of 200 half barrels of Barma valued at $6.50 per barrel; 24 extra bungs of the value of $22.80, and $21, the alleged value of 7 empty one-half barrels retained by the defendant, which under the terms of the contract of sale and purchase, should have been returned to the plaintiff. The plaintiff further alleged that the sale and purchase of this commodity was based on a certain written order as follows:

"Lawton, Okla., February 16, 1919. Blatz Brewing Company, Milwaukee, Wis. Gentlemen: Please ship via Rock Island 200 halves of Blatz at $6.50 per barrel f. o. b Mil-

waukee. You are to pay return freight on cooperage, also include two dozen extra bungs. We would also like to have you send us one cask, ten dozen, 12-ounce bottles of Blatz, gratis as samples. Yours very truly, Wood & Company, per J. J. Bailey."

The defendant, Wood & Company, in answer to plaintiff's petition, admits that it purchased the Barma from plaintiff as alleged and at the alleged price, but, further answering, avers that when the car containing said Barma, which is a beverage and was sold by the plaintiff to defendant for human consumption and under warranty that same would be merchantable, marketable, and fit for human consumption, was received at Lawton, Okla., 171 of the one-half barrels were spoiled and were not in a merchantable or marketable condition and were wholly unfit for human consumption and of no value whatsoever to this defendant; that 29 barrels of said Barma was in good condition, and that defendant admits liability therefor to the extent of $94.25; and further answering, defendant avers that it paid the freight on said car of Barma, amounting to about $176.65, and that by reason of the condition of the Barma at the time received, and under the terms of the contract of sale and purchase, defendant was entitled to recover said amount paid as freight: and further avers that by reason of this transaction, the plaintiff is indebted to the defendant in the sum of $102 40, the difference between the freight paid and the value of the 29 half barrels of Barma, which was found fit for use. Defendant further specifically denies that it ever agreed to pay any sum for the 24 extra bungs as alleged in plaintiff's petition, but that same was to be furnished free and without charge. Defendant, further pleading by way of set-off, alleges that in 1917, defendant entered into a contract with this plaintiff, whereby the plaintiff granted to the defendant the exclusive right for the season of 1917, to sell plaintiff's product, known as Barma, within certain counties in the state of Oklahoma; and further agreed to pay the defendant all sums expended by defendant in advertising and exploiting said product throughout the territory agreed upon, and that it was further agreed that the plaintiff should give to this defendant every tenth case of Barma received for the purpose of using same as free samples and for advertising purposes; and further alleges that the defendant purchased large quantities of Barma from plaintiff, and that plaintiff failed to allow or give credit to the defendant for the number of cases which defendant was to receive free of charge, and that

by reason of this failure, is indebted to the defendant in the sum of $156.50; that defendant expended the sum of $102.50 in advertising; wherefore plaintiff is indebted to this defendant in the aggregate sum of $228.50, by reason of this transaction. And further answering, by way of second set-off, the defendant alleges that the plaintiff, Val Blatz Brewing Company, made various sales of Barma to parties within the territory in which this defendant had been granted the exclusive right of sale, and that by reason of these sales direct to the patrons by this plaintiff, this defendant was deprived of the opportunity to make the sales which it would have made, and for which it would have received by reason of such sales various sums on account of the various sales aggregating the sum of $760.

In response to the answer and cross-petition of defendant, the plaintiff filed its reply and denied all of the allegations contained in said answer, except such as may have been admitted; and further replying, alleged that the Barma was sold and delivered to the defendant f. o. b. cars at Milwaukee in the state of Wisconsin, as shown by the order therefor, and that said Barma or merchandise, when so delivered to the defendant at Milwaukee, was the kind and quality and in the condition ordered by defendant, and if there was any loss or damages to same, or deterioration in quality, and if same was unfit for human consumption when received at its destination, which is expressly denied, plaintiff was not liable for such loss or damage. And in answer to defendant's cross-petition, the plaintiff denied each and all the allegations therein contained, denied that it entered into any agreement with defendant as alleged, and denied that anyone was authorized to enter into such an agreement, and specifically denied all the allegations set forth under defendant's second set-off, and asked that defendant take nothing by reason of the contention made, and that plaintiff have and recover judgment for the amount sued for in the petition.

On the issues thus joined the case was submitted to the court and jury, and resulted in a verdict in favor of the plaintiff for $630, and judgment was rendered by the court in accordance therewith. Motion for new trial was filed and overruled, from which order and judgment of the court the appellant prosecutes this appeal, and sets forth various specifications of error. From an examination of the record, it is disclosed that the written order heretofore recited was given as alleged by plaintiff, and that on

February 20, 1919, four days after the date of the written order, the following letter was forwarded to the defendant, Wood & Company, by the plaintiff, Val Blatz Brewing Company, acknowledging the receipt of said order as follows:

"Feb. 20, 1919. Wood & Company, Lawton, Okla. Gentlemen: We are in receipt of your order for car of Blatz Barma consisting of 200-2 barrels at $6.50 per barrel, f. o. b. Milwaukee. Our representative, Mr. Froussler, transmitted this order on a night telegram, which we received yesterday morning, and we will try to get out car today, or at the latest tomorrow, which we trust is satisfactory. We will include in the car two dozen X bungs, also one cask bottled Barma, gratis, which you may distribute as samples. It is understood that we will pay the freight on all empty cooperage returned. Thanking you for the order and trusting it is only the forerunner of the large volume of business, not only on draft, but also on bottled Blatz Barma, we remain, Yours very truly, Val Blatz Brewing Company."

From which it will be seen that the order was in fact transmitted to this plaintiff by telegram from its representative, Mr. Froussler. This corroborates the contention of the defendant, wherein it is insisted that the contract of purchase of the Barma in controversy was an oral contract made with the salesman of plaintiff at Lawton, Okla., under the terms of which the merchandise was warranted and was to be delivered to the appellant in Lawton, Okla., in good condition for use as a beverage, whereas the appellee contends that the written order is controlling, and that by reason of its terms, delivery of the Barma was to be made in Milwaukee, Wis., and that when it, the appellee, placed on board the cars in Milwaukee, the Barma in merchantable condition, it had fully complied with its contract, and was entitled to recover the purchase price without regard to the condition of the merchandise on its arrival at Lawton.

From the testimony of the witnesses, it is disclosed that the order was given to the salesman of the appellee, Val Blatz Brewing Company, by J. J. Bailey, an employe of Wood & Company, appellant, at Lawton, Okla., and according to the testimony of this witness and others, the Barma was warranted to be of good quality, and such a beverage as would readily sell on the market and compete with other well-known drinks or beverages of a similar character, and that at the time the shipment was received at Lawton a number of the barrels or kegs were in bad condition, and that the Barma had deteriorated and was worthless, wholly unfit

for sale for use as a beverage, and that the other kegs which did not disclose their condition, were found afterwards to contain Barma that was of no value and could not, and were not, used by the patrons of appellant to whom the Barma was sold, but were returned because of the fact that it was not in a merchantable and marketable condition. Appellant on receipt of the shipment immediately notified the appellee at Milwaukee of the condition of the shipment, in so far as the same was disclosed at that time, and in response to this letter of notification received a letter from the appellee acknowledging receipt of same, and asking for affidavits establishing the facts as related in the letter and assuring the appellant that they would receive credit for the goods received which were not in good condition, and requested that they be notified of the condition of the remainder of the shipment as soon as the kegs were tapped, and the condition of their contents ascertained, to the end that the appellees might be enabled to institute proceedings against the railway company for the damages sustained, which they, at that time, attributed to the manner of handling the shipment in transit by the railway company.

The evidence on the part of the plaintiff, the appellee here, goes exclusively to the condition of the Barma at the time of its manufacture, and at the time it was placed in the barrels and placed on the car in Milwaukee. The defendant, Wood & Company, also offered to make proof of the allegations contained in their set-off as pleaded, showing the alleged damages by reason of the failure of the plaintiff, Val Blatz Brewing Company, to carry out the terms and conditions of the contract entered into in 1917. Upon objections on the part of the plaintiff to the offer of such evidence, the court sustained same; thereupon the defendant made a tender of the testimony which they expected the witness to give, concerning these allegations, which were sufficient to establish same, and said tender was denied on the objections of the plaintiff.

The first assignment of error urged by the appellant is the 12th and is as follows:

"Said court erred in refusing to admit competent and legal evidence of the plaintiff in error in support of its counterclaim and set-off."

Section 273, Comp. St. 1921, 3rd subd., provides:

"The defendant may set forth, in his answer, as many grounds of defense, counterclaim, set-off, and for relief, as he may have,

whether they be such as have been heretofore denominated legal or equitable or both. * * *"

Section 274, Id., provides:

"Such set-off or counterclaim shall not be barred by the statute of limitations until the claim of the plaintiff is so barred."

Section 275, Id., provides:

"A set-off can only be pleaded in an action founded on contract, and must be a cause of action arising upon contract or ascertained by the decision of a court."

Under these provisions of our statutes, we think the court committed reversible error in sustaining the objections made and in not permitting the defendant to offer proof of the set-off and counterclaim. The set-off pleaded is alleged to have grown out of a transaction based on contract between the identical parties to this litigation. This court has held in the case of Mowatt v. Shidler, 66 Okla. 303, 168 Pac. 1169, that:

"In an action against one upon contract; he may offset or plead as a defense thereto any claim arising to him by virtue of any contract with the one instituting the suit."

The same rule is announced in the case of Richardson v. Penny, 10 Okla. 32, 61 Pac. 584. Even though the cross-petition of defendant did not state facts which constitute a proper subject for counterclaim or set-off, we think any objections which might be urged were waived by the plaintiff's failure to demur, and by its reply and answer joining issue with the defendant upon its pleadings in this particular, as has been held by this court in the cases of Brisley et al. v. Mahaffey, 64 Okla. 319, 167 Pac. 984; Wyman v. Herard, 9 Okla. 35, 59 Pac. 1009; Word v. Nakdimen, 74 Okla. 229, 178 Pac. 257, and Poos v. Kelly, 79 Okla. 118, 191 Pac. 600.

The next proposition urged is the specification of error contained in the third assignment of error, which involves the correctness of the fifth paragraph of the court's instructions to the jury as follows:

"You are instructed under the evidence in this case the burden is upon the defendant to establish that it was agreed that the Barma would be delivered at Lawton in sound condition, instead of Milwaukee, Wis., and unless the defendant establishes such fact by a fair preponderance of the evidence, the jury should hold that the obligation of the plaintiff was discharged by delivering Barma of good quality and fit for human consumption in the railroad car at Milwaukee, Wis."

From reading the instruction complained of, it is seen that the court placed the burden upon the defendant to establish that it was agreed that the Barma would be delivered at Lawton in good condition instead of Milwaukee, Wis., aboard the car in good condition. This, we think, is clearly erroneous because, as we understand the law, it is immaterial in this character of case whether it was agreed that the appellant, Wood & Company, was to receive the shipment of Barma on board the cars Milwaukee, Wis., or at Lawton, Okla. In either event, the ordinary warranty is implied and goes with every article or commodity which is sold that the article will be fit for the use and purpose for which it is purchased by the buyer, and likewise in this character of case there is necessarily an implied warranty that a drink or beverage, sold to persons who dispense it as such, will be fit for human consumption at the time and place where it is to be dispensed, under the terms and condition of the contract of sale and purchase; furthermore, we do not regard the contract of sale in this case subject to the construction placed upon it by the court, even though you strike from consideration the contention of appellant and accept the contention of the appellee that the written order must control, because the phrase "f. o. b. Milwaukee" is not sufficient, standing alone, to establish an agreement to the effect that the title would pass and the purchaser should receive the merchandise aboard the cars at Milwaukee, but it merely determines the price to be paid. This is a question which has been frequently before the court and is sometimes difficult of determination. The case of Garrison Coal Co. v. Semple, 82 Okla. 60, 198 Pac. 497, in which this court quotes extensively from the case of U. S. v. Andrews, 207 U. S. 229, 52 L. Ed. 185, throws some light upon the question, and we think clearly establishes that the instruction complained of in this case was erroneous.

The fourth assignment of error goes to paragraph No. 6 of the court's instruction, which is as follows:

"The jury is instructed that under the law, the defendant was under the duty of ascertaining the quality of the Barma in question within a reasonable time, and to report any defects discovered therein within a reasonable time, and you are instructed that if you find and believe from the evidence that the defendant learned or in the exercise of reasonable diligence should have learned, that the Barma in question was defective, and neglected and failed for an unreasonable length of time to report such fact to the plaintiff, the defendant will be held as a matter of law to have accepted

the Barma, and should pay for same, and if you so find your verdict should be for the plaintiff."

This instruction is in conflict with instruction No. 5, heretofore discussed, because should the jury under instruction No. 5 have found that under the terms of the contract the defendant was bound by the delivery of the merchandise aboard the cars at Milwaukee, then instruction No. 6 would have no application. And furthermore, the issues were joined by plaintiff and defendant in the trial court, and no contention made by the plaintiff that it was not advised of the condition of the Barma within a reasonable time, and there is no evidence in the record to justify the instruction. The defendant had a right to receive the Barma and make an effort to dispose of same to the best advantage possible, and to utilize all of it that was fit for use, and then when sued by the plaintiff for the purchase price, to set up the facts and avoid payment of or recover the difference between the actual value of the article at the time of the purchase of the quality and kind agreed upon, and what its value would have been as represented, and its value in the condition in which it was received, and we think the notice given in this case was timely and sufficient to justify the defendant in interposing the plea that is made in this case.

In the case of Wallace v. Clark & Son, 74 Okla. 208, 174 Pac. 557, this court passed on a similar question, wherein the theory and rule of law relied upon by the defendant in this case was clearly announced and upheld, and in which they hold that there is an implied contract between the seller and purchaser that the commodity or article sold is suitable for the purpose for which it was purchased, and it upholds the doctrine that the purchaser may retain the article and recover the difference between the actual value of the article at the time of purchase, or at the time and in the condition received, and what its value would have been if it had been received as represented. And in the body of the opinion, page 211, the court said:

"Under the authorities above cited, we are of the opinion that in this case a warranty implied by law that the goods were merchantable survived the acceptance thereof by the buyer."

And the same rule is announced in the second paragraph of the syllabus. Other cases more or less in point are: Spaulding Mfg. Co. v. Holiday, 32 Okla. 823, 124 Pac. 35; J. Rosenbaum Grain Co. v. Pond Creek Mill & Elevator Co., 22 Okla. 355, 98 Pac. 333.

The next proposition urged involves the correctness of the 7th paragraph of the court's instruction given to the jury, which is as follows:

"The jury are instructed that if you believe from a preponderance of the evidence that the defendant ordered the Barma shipped f. o. b. Milwaukee, Wis., delivery of the Barma to the railroad company constituted a delivery of same to the defendant, and all risk of loss or damage incident to improper handling by the railroad company, either in rough treatment, or improper attention to the car in which same was shipped, or incident to the inherent nature of the beverage itself, notwithstanding its delivery, in proper condition, was upon the defendant, and your verdict should be for the plaintiff"

—wherein the jury are instructed that if they believed from a preponderance of the evidence, that the defendant ordered the Barma shipped f. o. b. Milwaukee, Wis., the delivery of the Barma to the railway company constituted delivery to the defendant, and that all damages or loss sustained by reason of improper handling of the railway company, or incident to the inherent nature of the beverage itself, notwithstanding its delivery in proper condition, was upon the defendant, etc. This is equivalent to a directed verdict, because there is no question but that the language contained in the court's instruction "f. o. b. Milwaukee," is the exact language found in the written order, upon which plaintiff relied in the trial court, and the instruction disregards the law of implied warranty, and under such an instruction the jury could not be expected to do other than find for the plaintiff. The instruction is in conflict with the rule announced in the Wallace-Clark Case, supra, where it was held that the implied warranty survives the acceptance, and this is the correct rule where the defect results from the inherent nature of the merchandise.

There are other errors complained of, but we deem it unnecessary to pass on same, and find that the judgment of the trial court should be reversed and the case remanded for a new trial in accord with this opinion.

By the Court: It is so ordered.

Note.—See under (1) 34 Cyc. p. 680. (2) 34 Cyc. p. 700 (Anno). (3) 35 Cyc. p. 435; anno. 35 L. R. A. (N. S.) 509; 24 R. C. L. p. 249; (4) 35 Cyc. p. 399. (5) 35 Cyc. p. 430: 35 L. R. A. (N. S.) 502; 24 R. C. L. p. 239; 4 R. C. L. Supp. p. 1532; 5 R. C. L. Supp. p. 1277.