## FAHEY v. MITCHELL.

No. 15912—Opinion Filed Nov. 24, 1925.

Rehearing Denied March 30, 1926.

**1. Trial—Demurrer to Evidence—Effect.**

"The test applied to a demurrer to the evidence, is that all the facts which the evidence in the slightest degree tends to prove and all inferences and conclusions which may be reasonably and logically drawn from the evidence are admitted, the court cannot weigh conflicting evidence, but must treat the evidence as withdrawn which is more favorable to the demurrant."

**2. Judgment Not Sustained.**

Record examined; held to be insufficient to support judgment in favor of the plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by Joseph D. Mitchell against Bessie Irene Fahey for recovery of debt. Counterclaim by defendant. Judgment for plaintiff allowing recovery and denying counterclaim. Defendant brings error. Reversed and remanded.

Horsley & Stith, for plaintiff in error.

Jos. D. Mitchell, pro se.

Opinion by STEPHENSON, C. Jos. D. Mitchell leased a room in the Arcade Building in Pawhuska to the defendant as a store room for a monthly rental of $55. The lessor commenced his action in a justice court against the defendant to recover $110 for two months' rent, and for two other items in the amount of $8, making a total of $118.

The defendant filed her cross-action, wherein it was alleged that the plaintiff, in making the lease of the store room to her, agreed to keep the building open during the evenings, and that the plaintiff refused to do so to defendant's damage in the sum of $200. No motion or demurrer was leveled against the sufficiency of the counterclaim. The trial of the cause in the justice court resulted in a judgment for the defendant. The plaintiff appealed the cause to the district court, and in the trial of the same, the court withdrew the case from the jury and entered judgment for the plaintiff in the sum of $110, and denied recovery on the counterclaim. The defendant has appealed the cause here, and assigns several of the rulings of the trial court as error for reversal here. The defendant did not question the lease, or that she was indebted to the plaintiff for two months' rent in the sum of $110. The defendant in support of her cross-action testified that the building in which the room was situated was known as the Arcade Building; that a hallway extended through the building which the lessor treated as a street or thoroughfare; that the room leased by the defendant opened up on the hallway; that the defendant was engaged in making wearing apparel for children, and desired to display her wares during the evening and desired the hall to be lighted and the passageway open. She testified that the plaintiff agreed at the time of making the lease to cause the hallway to be lighted during the evenings. It will be observed that the defendant confined her prayer for damage to the allegation that the plaintiff refused to keep the hallway open during the evenings. The defendant was asked upon her direct examination what representations the plaintiff made to her at the time of entering into the lease. She answered that he agreed to cause the hall to be lighted during the evenings, and to cause the hallway through the building to be and remain open as a passageway to the defendant's store room. She further testified that the plaintiff was to furnish lighting at his cost; that the doors to the passageway were intended to be used only as storm doors and not for the purpose of closing the passageway to such members of the public as desired to use the hallway.

The defendant completed her answer by detailing the foregoing facts with the following statements:

"When I went into the building I found

that they were locked every night at 6 o'clock. If he went early, before 6 o'clock, they were locked then."

The attorney for plaintiff moved the court to strike the quoted part of the answer as not being responsive to the question, which objection was sustained by the court.

While the counterclaim prayed for damages only for failure to cause the hallway to be kept open during the evening, the testimony of the defendant also claimed damages for failure to keep the passageway or hallway lighted during the evenings. The latter claim for damages was without the allegation of the counterclaim, but the plaintiff did not make objection to the testimony on this ground, or upon any other ground. The effect of the admission of the testimony without objection was to cause an amendment of the counterclaim to the extent of claiming damages for failure to keep the hallway lighted. The contract placed by the defendant was a lawful contract, and the defendant was entitled under the law to sue for damages for the alleged breach thereof. The claim, if proven, was a proper counterclaim against the action of the plaintiff. The plaintiff disputed the claim of the defendant in this respect. At the close of the defendant's testimony in support of her counterclaim, the court sustained plaintiff's demurrer thereto, and instructed the jury to return a verdict in the sum of $110 for the plaintiff.

The jury was advised that it might select a member thereof to sign the verdict while remaining in the box, or retire to the jury room for such purpose. The jury retired to its room for deliberation, and thereafter returned in open court and advised the court that it would not return a verdict for the plaintiff in the cause. Thereupon, the court advised the jury that it might return a verdict for the plaintiff, or it would be discharged. Thereupon, a member of the panel advised the court that the jury would not return its verdict upon the evidence for the plaintiff. The court then discharged the jury and sustained the demurrer to the evidence, and entered judgment thereon in favor of the plaintiff for $110, and denied the defendant recovery upon her counterclaim. We cannot determine from the record the theory upon which the court sustained plaintiff's demurrer to the defendant's testimony introduced in support of her counterclaim. There was a sharp conflict between the testimony of the plaintiff and the defendant in relation to the allegations supporting defendant's counterclaim. The allegations of the counterclaim, and the failure of the plaintiff to object to

certain evidence of the defendant, resulted in the counterclaim stating a valid cause of action for counterclaim against the plaintiff on the questions of the failure of the plaintiff to keep the hall lighted, and his failure to keep the passageway open. The court, therefore, should have submitted the issues upon defendant's counterclaim to the jury. Anderson v. Pickens, 91 Okla. 91, 216 Pac. 100.

The cause is reversed and remanded for further proceedings in accordance with the views herein expressed.

By the Court: It is so ordered.

Note:—See under (1) 38 Cyc. pp. 1542, 1543. (2) 4 C. J. p. 1164, §3181 (Anno).