**RANSOM et al. v. ROBINSON PACKER CO.**

No. 16937—Opinion Filed Oct. 19, 1926.

**1. Sales—Warranty of Fitness of Article.**

Where an article of personal property is sold for a definite purpose made known to seller, and the seller represents that the article will perform that particluar purpose, there is a warranty of fitness which protects the purchaser and for which the seller

is liable in the event the article fails to do what it was sold to do.

**2. Trial—Demurrer to Evidence—Effect.**

The test applied to a demurrer to the evidence is that all the facts which the evidence in the slightest degree tends to prove and all inferences or conclusions which may be reasonably and logically drawn from the evidence are admitted. The court cannot weigh conflicting evidence, but must treat the evidence as withdrawn which is most favorable to the demurrant.

**3. Trial—Questions of Fact for Jury.**

Controverted questions of fact are for the jury, and not for the court to determine.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Creek County: John L. Norman, Judge.

Action by Robinson Packer Company against W. L. Ransom and Donald McDonald to recover $426.85 due plaintiff on contract for goods sold and delivered to defendants. Judgment for plaintiff on an instructed verdict, and defendants appeal. Reversed and remanded.

W. L. Ransom, for plaintiffs in error.

G. C. Spillers, for defendant in error.

Opinion by RUTH, C. The parties hereto will be designated as they appeared in the trial court.

Robinson Packer Company, as plaintiff, sued W. L. Ransom and Donald McDonald, and sought to recover the sum of $426.85, being the price of certain goods sold to defendants, and an itemized list of the goods sold is attached to the petition.

Defendants for answer state they were owners of several oil and gas leases in Oklahoma and south of Coffeyville, Kan., where plaintiff conducted a supply store, and that plaintiff represented to defendant that plaintiff was familiar with the water conditions encountered in that particular field. That McDonald and the drilling contractor on defendants' wells discovered one of the gas wells it had drilled was "making water from above and below the gas sand," and not being familiar with the best method of controlling the water, they went to plaintiff for advice as to whether the gas well should be fitted up with a pump or water trap to handle the water. That plaintiff, being familiar with the water conditions in that field, represented and guaranteed that if defendants would purchase and use its, plaintiff's, plugs and packers, and its, plaintiff's, equipment of clamps, anchors, and turn-

buckles, that the same would shut off the water, and defendants, relying solely upon such representations and warranties and guaranties, did purchase the articles set forth in plaintiff's petition.

Defendants allege they purchased the articles and placed them in three wells, and they were useless for the purposes for which they were sold to defendants, in that they failed to shut off the water. In their cross-petition defendants claim damages for the "drowning out" of their wells, cost of drilling, bonus paid for leases, etc.

The cause was tried to a jury, and after plaintiff and defendants had introduced their evidence and both sides had rested, plaintiff demurred to defendant's evidence, which was by the court sustained, and the court instructed the jury to return a verdict for plaintiff, and over the objection and exceptions of defendants, the court rendered judgment for plaintiff, and after a motion for a new trial was duly filed and overruled, the defendants appealed, and this cause is presented for review upon petition in error and case-made.

While the answer and cross-petition is not set out in full, sufficient is herein set out to remove any doubt that the answer set up a defense to the claim if the allegations of the answer could be sustained by the evidence, for this court has repeatedly held:

"Where an article of personal property is sold for a definite purpose, made known to the seller, and the seller represents that the article will perform that particular purpose, there is a warranty of fitness which protects the purchaser and for which the seller is liable in event the article fails to do what it was sold to do." International Harvester Co. v. Lawyer, 56 Okla. 207, 155 Pac. 617; Bishop-Babcock-Becker Co. v. Estes Drug Co., 63 Okla. 117, 163 Pac. 276; Fairbanks-Morse & Co. v. Miller, 80 Okla. 265, 195 Pac. 1083; 35 Cyc. 383, 399, 419, 441; 24 R. C. L. 204.

C. W. Fisher testified that he had been with the Robinson Packer Company 18 years: that McDonald came to plaintiff's place of business and witness sold him the packers. On cross-examination witness says McDonald might have told him the conditions at the well, the trouble they were in, and the character of the soil they were going through, but he does not remember the conversation, and all he remembers definitely is that he sold McDonald the packers. Witness was superintendent of plaintiff company.

Donald McDonald, called on behalf of defendants, testified that, in company with John Walker, the drilling contractor, he went

to Coffeyville, saw Mr. Baker, superintendent for plaintiff company, explained the situation and conditions to him, the depth of the hole, formation of the soil, and that the water was coming in between the "lime and the shale," and Baker told witness that if he would buy their packers and install them as Baker directed it would shut off the water. Witness purchased the packers, and with his drilling contractor, he did everything about the installation of the packers as directed by Baker, and the packers failed of the purpose for which they were sold, and did not shut off the water, and three wells were "drowned out." One well was making 1,000,000 feet; one making 1,-500,000 feet, and one making 2,000,000 feet; and that he had the gas sold at the wells for 25 cents per 1,000 cubic feet, and because of the water drowning out the wells, he was unable to sell any of the gas.

While the witness detailed the procedure for installing the packers as directed by Baker, and that the directions were followed, it is unnecessary to here set forth such detailed work.

There was evidence reasonably tending to sustain the defense set up in the answer, and the court erred in sustaining the demurrer to defendants' evidence and in directing a verdict for plaintiff.

"The test applied to a demurrer to the evidence is that all the facts which the evidence in the slightest degree tends to prove, and all inferences or conclusions which may be reasonably and logically drawn from the evidence are admitted. The court cannot weigh conflicting evidence, but must treat the evidence, as withdrawn which is most favorable to the demurrant." Smith v. Rockett et al., 79 Okla. 244, 192 Pac. 691; Fahey v. Mitchell, 116 Okla. 296, 244 Pac. 761; Rose v. Woldert Grocery Co., 54 Okla. 566. 154 Pac. 531; Sharum v. Sharum, 82 Okla. 266, 200 Pac. 176; Whitfield v. Jones, 110 Okla. 237, 237 Pac. 440.

"Controverted questions of fact in actions at law are for the jury, and not for the court to determine." Holcombe & Hoke Mfg. Co. v. Waters et al., 109 Okla. 107, 235 Pac. 198.

For the reasons herein stated, the judgment of the trial court is reversed and the cause remanded, with directions to grant the defendants a new trial.

By the Court: It is so ordered.