## KUHL MOTOR CO. v. WADE.

No. 20180. Opinion Filed July 7, 1931.

Rehearing Denied July 28, 1931.

M. L. Opperud and O. B. Martin, for plaintiff in error.

J. E. Curran and S. H. King, for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Kay county in favor of the defendant therein. The parties will be hereinafter referred to as they appeared in the trial court.

The plaintiff alleged that the defendant had been in its employ as an automobile sales manager, and that while acting as such he had received from plaintiff salary advances in excess of the agreed compensation to the amount of $1,139.12, as shown by an itemized statement of account attached to the petition, which amount the defendant, after demand, had neglected and refused to return. Defendant filed a verified answer consisting of a general denial and a specific denial of indebtedness to plaintiff in any sum. He also filed a cross-petition in which he alleged that the plaintiff was indebted to him in the sum of approximately $5,000 under a written contract by the terms of which defendant was to receive 10 per cent. of the net profits from the sale of all motor vehicles sold during the time of his employment. He attached thereto a copy of the alleged contract, and prayed that the plaintiff be required to bring its books into court and for judgment against the plaintiff in the sum of $5,000. Plaintiff filed a reply in which it admitted the existence of the contract, denied that there was any profit from the sale of motor vehicles, and prayed for judgment as originally prayed for. The cause was tried to a jury, and the jury returned a verdict in favor of the defendant in the sum of $1.

The first contention of the plaintiff is:

"Said court erred in overruling the motion of plaintiff in error requesting said court to withdraw from the consideration of the jury all of the evidence in support of defendant in error's cross-petition";

—that it was prejudicial error to submit to the jury matters involving an accounting, and that, if submitted at all, the court should have propounded certain and specific interrogatories to be answered by the jury, and which the court might use in an advisory capacity, or which it might accept or reject as it saw fit. The record shows that the plaintiff did not waive a jury trial and did not ask the court to withdraw from the consideration of the jury the evidence in support of defendant's cross-petition until after the parties had closed the case. The court overruled the motion. At no time did the plaintiff ask the court to submit interrogatories to the jury. The record shows that the court called attention to the difficulty of trying the case to a jury. The action involved a question of fact. It was for the recovery of money, and, under the provisions of section 532, C. O. S. 1921, either party was entitled to a jury trial.

The decisions relied on by the plaintiff in support of its contentions were rendered in equity cases and have no bearing on the issue presented here. The action of the court in overruling plaintiff's motion was not error.

It is next contended that:

"Said court erred in sustaining the verdict of the jury and in rendering judgment thereon."

The allegations of the pleadings presented issues of fact for determination. The evidence of the parties was conflicting. When the jury rendered its verdict, it was the duty of the court to accept the verdict and to render a judgment in conformity therewith unless the verdict was contrary to the weight of the evidence, or in violation of the instructions of the court. Section 530, C. O. S. 1921; Ransom v. Robinson Packer Co., 120 Okla. 17, 250 Pac. 119.

It is next contended that:

"Said court erred in refusing to direct a verdict in favor of the plaintiff in error and against the defendant in error."

In support of that contention, the plaintiff says that the defendant wholly failed to

refute or deny in any manner the verified account of the plaintiff, and that nowhere in the defendant's evidence was the account denied. The record shows that defendant's answer and cross-petition contained a denial under oath of the correctness of the account pleaded by plaintiff, and it was therein denied that the defendant was indebted to the plaintiff in the sum set out in the plaintiff's petition, or in any other sum. It was the duty of the jury to consider the evidence submitted by the defendant in support of his cross-petition, and to offset the amount found due to the defendant, if any, against the amount found due to the plaintiff, if any, and to return a verdict for the party entitled to the difference. It was not error for the court to refuse to set aside the verdict.

Finding no error, the judgment of the trial court is affirmed.

LESTER, C. J., CLARK, V. C. J., and HEFNER, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. RILEY and CULLISON, JJ., absent.