## CHICAGO STEEL FOUNDRY CO. v. F. M. CROWELL CO.

No. 20710. Opinion Filed Oct. 11, 1932.

Mills & Cohen, for plaintiff in error.

Humphrey & Campbell, for defendant in error.

LESTER, C. J. The parties to this suit appear in this court in the same order as in the court below.

The plaintiff brought suit against the defendant for an account and alleged that there was due an unpaid balance thereon of $1,150.26. The defendant filed an answer admitting that said amount was correct, but filed a cross-petition in which it was alleged that the defendant was damaged by reason of defective material furnished the defendant, which defective material was included in the account, and prayed for damages on account of said defective material. The defendant also alleged that plaintiff had failed and refused to return certain equipment to defendant and asked judgment in the sum of $825 on account of the plaintiff's failure to return said equipment.

Judgment was rendered for the plaintiff for its account by the court, but the court also rendered judgment for the defendant upon its cross-petition for $825 for the equipment which the plaintiff had retained and $525 damages on account of the alleged defective material furnished the defendant.

The plaintiff in error in its brief sets up three assignments of error. The first assignment is general in its nature in that it alleges that the judgment of the court was not supported by sufficient and competent evidence and the court should have found against the defendant in error on his cross-petition.

A careful examination of the record will reveal that there was sufficient and competent evidence to support the judgment of the court.

The second assignment of error is:

"All claims on account of alleged defective material had been waived by said defendant in error by the payment for said material after full knowledge, and that the said account in favor of plaintiff in error had become an account stated."

The evidence shows that the defects in the material sold the defendant were not discovered by the defendant until the same was sold for use to its customers, and that when the defects became known to the defendant, a complaint was thereupon made to the plaintiff. Of course, if the defendant, knowing of the defects in the material, accepted it, the theory of the plaintiff would be correct.

In the case of Ranson v. Robinson Packer Co., 120 Okla. 17, 250 P. 119, this court said:

"Where an article of personal property is sold for a definite purpose made known to seller and the seller represents that the article will perform that particular purpose, there is a warranty of fitness which protects the purchaser and for which the seller is liable, in the event the article fails to do what it was sold to do."

We think the evidence and the law applied thereto fully sustain the judgment of the court in re'ation to the damages caused to the defendant on account of the defective material.

The third assignment is as follows:

"The plaintiff in error, so far as the patterns furnished him by defendant in error, was the bailee and the measure of damages for failure to return the bailed chattels was not the cost of the chattels, but the damage occasioned the bailor which was the cost of other patterns necessary on account of the action of the bailee."

The record discloses that no objections were made by the plaintiff to the evidence offered by the defendant relative to the cost of replacement of the material and equipment in possession of the plaintiff and which the plaintiff failed to return to the defendant, nor do we find any material difference between the theory contended for by the parties to this action as to the measure of damages suffered by the defendant by reason of the failure of the plaintiff to return the material and equipment to the defendant.

Failing to find any prejudicial error in the record, the cause is affirmed.

CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY, J., absent.

Note.—See under (1) annotation in 22 L. R. A. 187; 15 L. R. A. (N. S.) 855; 31 L. R. A. (N. S.) 783; 34 L. R. A. (N. S.) 737; 24 R. C. L. 187 et seq.; R. C. L. Perm. Supp. pp. 5428, 5429; R. C. L. Pocket Part, title "Sales," § 459.