## MISSOURI, KANSAS & OKLAHOMA COACH LINES, Inc., v. BURTON.

### No. 27661.  Oct. 12, 1937.

Hudson & Hudson, for plaintiff in error.

Woodson E. Norvell and George E. Norvell, for defendant in error.

CORN, J.  This is an appeal to reverse an order of the trial court granting a new trial.

The plaintiff brought an action in the common pleas court of Tulsa county against the defendant, the owner and operator of a bus line, for damages on account of personal injuries sustained by the plaintiff at Cushing, Okla., one of the regular stops of said bus line between Oklahoma City and Tulsa. It appears that the defendant had an arrangement with the Hotel Ambassador at Cushing making available, for use by the

defendant bus line company, for the use, convenience, and comfort of its passengers at this stop, the rest rooms and toilet facilities of said hotel. A loading and unloading zone for a "bus stop" was reserved in front of the hotel as indicated by a marker, which prohibited the parking of other vehicles in said zone. The concrete approach from the street curb to the entrance of the hotel is shown to be 18 inches above the street level with one step six inches wide and twelve inches high between the street level and the top level of the approach, over which passengers must pass in going back and forth between the hotel and the bus. The plaintiff alighted at this stop and went into the hotel, and on her return to the bus, and as she was making her descent into the street, she stepped down upon the narrow step with her heel, and there being insufficient space for the front part of the foot to rest upon, the ankle turned and she fell forward into the street paving, inflicting serious injuries to her ankle and lower limb.

The plaintiff alleged that it was the duty of the defendant to provide a safe place for bus stations and that the narrow and unsafe condition of the step at the Hotel Ambassador was a hazard to the safety of its passengers, and that the defendant was negligent in providing such a place as a bus station, and that such negligence was the proximate cause of plaintiff's injuries.

The defendant pleaded contributory negligence on the part of the plaintiff and undertook to show that the plaintiff slipped and fell because the step was wet and not because it was narrow. By agreement the cause was tried to the court, and the court rendered judgment for the defendant and against the plaintiff, but upon motion of the plaintiff the court granted a new trial. From this order the defendant appealed. Although the parties appear on appeal in reverse order, they are referred to herein as they appeared in the trial court.

The defendant contends that the trial court, in granting a new trial, erred in deciding a pure, simple, and unmixed question of law.

The trial court stated its reason for granting new trial as follows:

"In the trial of this case, in the first instance the court was of the opinion that the plaintiff had failed to show any negligence upon the part of the defendant bus company, but that upon more mature deliberation, the court is of the opinion that the condition of the steps in front of the Ambassador Hotel in Cushing, Okla., the place chosen by the bus company to discharge passengers for rest periods, was of itself a dangerous condition; and that this place was selected by the defendant bus company as a place to take on and discharge passengers, and in this case the bus had stopped at this point for a rest period and that plaintiff disembarked from the bus and entered the said Ambassador Hotel and upon her return therefrom and re-entering the bus, as she stepped off the sidewalk onto the narrow step just below the surface of the sidewalk, she either turned her ankle or stumbled and fell, and as a result of this fall sustained a sprained ankle; and in this connection the court is of the opinion that the defendant bus company was negligent in furnishing this situation, place or condition for the use of passengers, and that the cause of plaintiff's fall was the narrow condition of the step, and that in stepping thereon plaintiff may have turned her ankle or may have stumbled otherwise, but that in any event the reason for plaintiff's fall, in the opinion of the court, is and was the narrow condition of the step; and for these reasons the court is of the opinion that it was wrong in its original judgment and grants a new trial."

The question of the liability of the bus company for unsafe conditions at bus stations is a question of law. The statute enjoins upon carriers of persons for reward the utmost care and diligence for their safe carriage, and such carriers are required to provide for passengers all such accommodations as are usual and reasonable. Sections 9260 and 9263, O. S. 1931. Compliance with these requirements in bus travel necessitates rest periods at reasonable intervals and safe conditions at bus stations for taking on and discharging passengers. It is our opinion that the court committed no error in holding that it was the duty of the bus company to provide safe conditions for its passengers at the bus station. The court found as a matter of fact that the narrow step was of itself a dangerous condition, and that it was the proximate cause of the injury complained of. The defendant does not regard the evidence sufficient to show that the injury was caused by the narrow condition of the step, but we consider the evidence sufficient to sustain the finding and ruling of the trial court.

We have examined the record, and do not find that the trial court acted arbitrarily, abused its discretion, or erred in any

unmixed question of law in granting the new trial, and we are therefore of the opinion that the judgment of the trial court should be affirmed and that a new trial should be had in said cause. And it is so ordered.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, GIBSON, HURST, and DAVISON, JJ., concur. WELCH and PHELPS, JJ., absent.