**Lillie Susan FLIPPEN, Plaintiff in Error,**

v.

**UNION TRANSPORTATION COMPANY, a Corporation, and Casualty Reciprocal Exchange, a Corporation, Defendants in Error.**

No. 36563.

Supreme Court of Oklahoma.

Nov. 15, 1955.

Rehearing Denied Jan. 17, 1956.

Application for Leave to File Second Petition for Rehearing Denied May 2, 1956.

Haskell Allen, Tulsa, Hardy & Hardy, By Milton W. Hardy, Tulsa, of counsel, for plaintiff in error.

Green & Feldman, Sam D. Glass, Tulsa, for defendants in error.

JACKSON, Justice.

This is an action for damages for personal injuries sustained by plaintiff as a passenger on defendant's bus. From a judgment entered on a directed verdict for defendant, plaintiff appeals. The parties will be referred to as they appeared in the trial court.

The undisputed facts are that the plaintiff boarded defendant's bus at Holdenville, Oklahoma, to go to Ada, Oklahoma. The bus was driven into the bus station at Ada,

where the driver stopped, announced the schedule, got off the bus and assisted the passengers to alight. The plaintiff, who was sitting near the rear of the bus, waited until the other passengers alighted, then arose from her seat, stood up in the aisle, fell and was injured.

Plaintiff alleged in her petition that she fell because the driver of the bus "negligently and carelessly caused said bus, without warning or notice to this plaintiff, to be suddenly and violently jerked and started and put in motion without allowing plaintiff sufficient time to alight therefrom." This specific act of negligence as charged in the petition was abandoned by plaintiff as she testified that the driver was not on the bus when she claimed its sudden movement caused her to fall.

Her testimony concerning the conduct of the driver and the circumstances of her fall and injury was as follows:

"Q. Where did he park the bus in the shed? A. He parked it about two-thirds of the way to the shed, on the left-hand side coming in.

"Q. After he came into the bus shed, what did the driver do? A. Well, he announced the schedule, how the changes were made, so on like that; got off the bus and the passengers all passed by. I didn't see the driver after he got off the bus. I don't know where he was.

\* \* \* \* \* \*

"Q. While you were there, still on the bus, Mrs. Flippen, did you notice a bus pull in behind you? A. As I got out of the seat, I looked and there was a bus coming in at the back.

"Q. While you were there in the shed, still on the bus of the Union Transportation Company, did you receive an injury? A. Yes, sir.

"Q. How did you receive that injury, Mrs. Flippen? A. Well, when I got out of my seat, I put my right foot out and when I got straightened up to go out, the bus gave a surge or a jar or something and threw me right flat *of* my face on the floor."

The driver of defendant's bus testified on behalf of defendant that he pulled into the bus station, set the emergency brakes and stood outside at the door of the bus to assist the passengers to alight, and that the bus did not move while the passengers were getting off and that no other bus came in the driveway of the bus station while the passengers were unloading.

The issue on this appeal is whether there was any evidence that plaintiff's injury was caused by defendant's negligence. It will be observed that there is no evidence of any specific act of negligence on the part of the defendant or its bus driver which caused the bus to jerk or jar as was alleged in the petition.

The first question raised by plaintiff is whether an inference of negligence may be drawn against the defendant because of the unexpected jolt or jar of the bus under the doctrine of res ipsa loquitur.

In this connection plaintiff invites our attention to Missouri, O. & G. R. Co. v. Vandivere, 42 Okl. 427, 141 P. 799; Muskogee Electric Traction Co. v. Eaton, 49 Okl. 344, 152 P. 1109; Oklahoma Ry. Co. v. Clapp, Okl., 258 P.2d 638; Chicago, R. I. & P. R. Co. v. Larmon, 172 Okl. 461, 45 P.2d 76; 10 C.J., Carriers, Sec. 1429; 13 C.J.S., Carriers, § 764.

A review of the cases cited reveals that where the doctrine of res ipsa loquitur was applied in actions of this type, the sudden jolts or jars complained of occurred while the vehicle was under the control of the driver or operator and under circumstances indicating negligent exercise of that control. In the instant case the undisputed evidence is that the bus driver brought the bus to a stop, announced the schedule and stepped out to assist the passengers to alight. All these acts were in the performance of his duty and do not constitute a set of circumstances from which it may be inferred that the sudden jolt or jar of the bus resulted from any act of negligence on the part of the driver.

Plaintiff's second proposition is stated as follows: "A common carrier is liable for the jolt or jar caused by any act of

other carriers where it in conjunction with other carriers uses a common terminal."

The only evidence suggesting that another bus caused the jolt or jar of defendant's bus was plaintiff's testimony that she saw another bus coming in the station from the rear immediately before the jolt or jar which caused her to fall. But assuming that this evidence was sufficient to raise a question of fact whether another bus collided with defendant's bus and that such question would be within the issues, we give consideration to the law applicable thereto.

In this connection plaintiff invites our attention to Missouri, Kansas & Oklahoma Coach Lines, Inc., v. Burton, 181 Okl. 45, 72 P.2d 385 and 10 C.J., Carriers, Secs. 1319 and 1323; 13 C.J.S., Carriers, § 708, and to several other authorities of like import. The cases support two rules of law, one of which is that a carrier may be liable for a dangerous condition existing at a terminal it uses even though it does not have exclusive control of the terminal, and the other that a carrier may be liable for the negligence of employees of another carrier if it depends on those employees to provide services to its own passengers.

But we find no case holding that a carrier is liable, ipso facto, for the independent negligence of another carrier in colliding with its bus while its passengers are being unloaded in a common terminal. No liability would devolve upon the carrier under such circumstances in the absence of proof of its own negligence as a contributing factor to the collision.

 It is next urged by plaintiff that the court erred in refusing to admit evidence as to the size of the unloading area at the bus station and the position where defendant's bus was parked therein.

This evidence was objected to by defendant and under the pleadings, that the injury was caused by the bus driver moving the bus, it would appear to be wholly immaterial to the issues. It is argued by counsel, however, that the issues had been changed by counsel's opening statement to the jury in which counsel had stated that the evidence would show that the driver had parked the bus about two-thirds way into the sta-

tion and got off the bus and that the evidence would further show the size of the station, and that another bus was seen coming into the station from the back.

We do not agree that plaintiff could thus insert an additional issue in the case or change the theory upon which she expected to recover. The case of Atchison, Topeka & Santa Fe R. Co. v. Perryman, 200 Okl. 266, 192 P.2d 670, cited by plaintiff, held that the petition in that case could be amended to conform to the proof which had been made. But we find no case supporting plaintiff's view that the issues may be changed by an opening statement as to what the evidence will show.

Ordinarily, the issues may be changed during the trial only by a trial amendment, the granting of which lies in the sound discretion of the court and a request to amend the pleadings should be made as soon as the trial develops the fact that an amendment is necessary. Southwestern Broom & Warehouse Co. v. City National Bank, 52 Okl. 422, 153 P. 204. In the case of Osage Oil & Refining Co. v. Dickason-Goodman Lumber Co., 106 Okl. 119, 231 P. 475, 476, this court said:

"The permitting of amended pleadings to be filed is a matter resting within the discretion of the court, and, where the applicant fails to disclose the contents or show the character or purpose of the amendment desired, it is not an abuse of discretion to deny such application."

It now appears from plaintiff's argument in the instant case that it was the theory of plaintiff that the negligence of defendant lay in improperly parking the bus, considering the small size of the parking area, and because it was improperly parked, another bus bumped into it. But plaintiff was not permitted to develop the evidence along that line, because such evidence was not within the issues as then drawn. At that stage of the proceedings, it was incumbent upon plaintiff to exercise whatever rights she might have with respect to amending her pleadings so as to bring the offered evidence within the issues. Failing to do that, she cannot now complain that the court was in error in refusing to admit the evidence.

Plaintiff further contends that the court should have permitted amendment of the pleadings to conform to the proof. But if we treat the pleadings as amended to conform to the proof, we find no evidence of defendant's negligence and such an amendment would be of no avail to the plaintiff.

Finding no error in the record, the judgment of the trial court is affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, DAVISON and HUNT, JJ., concur.

HALLEY and BLACKBIRD, JJ., dissent.