**Ted UTLEY, Plaintiff in Error,**

v.

**STANDARD MAGNESIUM & CHEMICAL COMPANY, a Delaware Corporation; Kaiser Aluminum & Chemical Corporation, a Delaware Corporation d/b/a Standard Magnesium & Chemical Company as a trade name; and Cook Paint and Varnish Company, a Delaware Corporation, Defendants in Error.**

No. 42540.

Supreme Court of Oklahoma.

Dec. 23, 1970.

Rehearing Denied Jan. 20, 1971.

Jack B. Sellers, Sapulpa, for plaintiff in error.

Gable, Gotwals, Hays, Rubin & Fox, Charles P. Gotwals, Jr., Tulsa, for defendant in error, Kaiser Aluminum & Chemical Corporation, a Corporation.

Covington, Gibbon & Poe, Tulsa, for defendant in error, Cook Paint & Varnish Co.

HODGES, Justice.

Involved in this appeal is an action by plaintiff to recover damages for personal injuries allegedly caused by a defective ladder. The ladder was sold to plaintiff's employer by the defendant, Cook Paint and Varnish Company through one of its retail outlet stores. It was described as a "telescoping metal painter's ladder." The ladder was manufactured by the defendant, Standard Magnesium and Chemical Company. Kaiser Aluminum and Chemical Corporation was also named as a defendant on a supposition that there was a subsequent merger or consolidation between Standard and Kaiser.

We note that Oklahoma's Commercial Code, 12A O.S.1961, § 1–101 et seq., had not become effective at the time of the sale of the ladder involved herein or of the accident arising from its use.

On the day of the accident the magnesium ladder was extended and placed against a building with one end being used as a support for a scaffold board. While two co-employees were standing on the scaffold working, the ladder collapsed causing the scaffold and employees to fall upon plaintiff who was working in an area eighteen feet below. Plaintiff claimed serious injuries as a result of the accident.

Plaintiff's petition alleged the defendants "impliedly warranted the fitness of the ladder for use by plaintiff's employer and its employees, including plaintiff, in the course of the painting business." Plaintiff also alleged the collapse of the ladder was caused by (a) a negligent and careless design so that it was without sufficient strength to withstand its intended use, (b) the materials used in the construction of the ladder were of such size, strength and dimensions that it was not strong or rigid enough to withstand its intended use, and (c) failure to inspect the ladder.

After the opening statement by plaintiff, the trial court sustained a motion by Cook Paint and Kaiser for judgment on the pleadings. A similar motion by Standard was overruled.

If petition is good against demurrer after pleadings are made up and issues joined, it is good against motion for judgment in favor of defendant upon opening statement of plaintiff's counsel, unless such statement contravenes material allegations of petition by conceding either errors in petition or failure of proof to sustain petition. Ayers v. Amatucci et al., 201 Okl. 598, 207 P.2d 788; Harrell v. Horton, Okl., 401 P.2d 461.

It was the trial court's position that plaintiff's action against defendant Cook Paint was based upon an implied warranty, and that plaintiff attempted to expand the warranty in his opening statement by invoking an express or specific warranty which was not pled. Plaintiff on appeal argues the trial court was too restrictive in defining the issues, and that in any event his petition properly alleged a cause of action against the defendants for breach of

an implied warranty of fitness for a particular use.

■ In an action based upon an implied warranty of fitness, the seller warrants the fitness of the article *for its intended use*, unless he expressly or specifically warrants another use. In this case plaintiff attempted to expand the intended use for which the ladder was sold by stating in the opening statement, "defendants warranted the ladder would do the same job that a wooden ladder of the same type and length would do," and that the ladder could be used as a support for a scaffold. The former involves an express warranty which the petition did not plead, and the latter a use of the article which obviously was beyond its intended purpose. In order to assess against the defendant Cook Paint a warranty of fitness for use of the ladder in supporting a scaffold or a warranty of fitness of the same quality and strength as a wooden ladder, the warranties must be specifically alleged in the petition, or it fails to state a cause of action. Flippen v. Union Transportation Company, Okl., 296 P.2d 173.

Plaintiff in his brief relies only on the allegation of breach of implied warranty as to the defendant Cook Paint. It is therefore unnecessary to discuss the other allegations of the petition as to this defendant.

■ The next question raised is whether plaintiff has a cause of action against the defendant Kaiser. Plaintiff alleges that subsequent to the sale of the ladder by Standard and the date of the accident, Kaiser and Standard entered into a merger agreement. That under 18 O.S. § 1.167(4) either or both defendants were liable to plaintiff depending upon the evidence of their status at the trial. Plaintiff contends the action of the trial court in sustaining Kaiser's motion for judgment on the pleadings and the opening statement was premature.

Kaiser answered asserting they have not in fact merged with Standard, and filed an "Agreement and Plan of Reorganization" which sets out the nature of their obligations and rights.

The agreement provides for the transfer of substantially all of Standard's assets, properties, contract rights, business and good will to Kaiser in exchange for stock of Kaiser and the assumption of certain debts, obligations and contract duties. The liability sued upon herein was not one of the obligations assumed by Kaiser under the agreement.

The reorganization agreement provides for the continued "corporate existence" of Standard after the closing date of the agreement for the purpose of winding up and settling the affairs of Standard in voluntary dissolution. Under the agreement a certain amount of assets is retained by Standard for the purpose of paying all of the debts, obligations and liabilities not assumed by Kaiser. The agreement provides for distribution in two stages. Complete liquidation of Standard is provided for after the second and final distribution. After this final distribution, the agreement provides that "as soon as practicable * * * the charter of Standard shall be dissolved."

At the time of trial the pleading showed that Standard was a "corporate entity" and that complete liquidation and dissolution of Standard had not taken place or in effect as contemplated by the cited statute, 18 O.S. § 167(4). As long as Standard has a corporate existence and has retained sufficient assets for the payment of their debts, liabilities and obligations, Kaiser is not a proper party.

Judgment affirmed.

IRWIN, C. J., and DAVISON, BLACKBIRD, JACKSON, LAVENDER and McINERNEY, JJ., concur.

WILLIAMS, J., dissents.

WILLIAMS, Justice (dissenting).

In my opinion, the trial court erred in sustaining Cook's motion for judgment on

the opening statement as the remarks of plaintiff's counsel did not concede either error in the petition or failure of proof to sustain the petition. The gist of the remarks made by plaintiff's counsel in the opening statement was that the evidence to be adduced in the forthcoming trial would demonstrate that defendant(s) by their actions and by the sale had impliedly warranted that the metal ladder was suited to the use to which it was intended to be put and for use in the same manner as a wooden one, i. e., it could be used to support a scaffold for which use, it is contended, it was not adaptable.

This Court has recognized a warranty of fitness for a particular use applicable to merchandise or goods purchased by a buyer who has communicated to the seller the particular purpose for which he intends to use the purchased merchandise or goods. Prior to the adoption of our Commercial Code, damages for breach of this warranty were recognized by 23 O.S.1961, § 35.

In Ransom v. Robinson Packer Co., 120 Okl. 17, 250 P. 119, Chicago Steel Foundry Co. v. F. M. Crowell Co., 159 Okl. 211, 14 P.2d 1105, and Pierce v. Crowl, 200 Okl. 27, 190 P.2d 1003, we discussed and recognized this warranty of fitness for a particular use without denominating the warranty as either express or implied. In Fairbanks, Morse & Co. v. Miller, 80 Okl. 265, 195 P. 1083, and Wood & Co. v. Val Blatz Brewing Co., 112 Okl. 119, 240 P. 115, we referred to the warranty as an implied one. In the latter cited decision, this Court in the fourth syllabus thereof, held:

"In the absence of contract which negatives the same, there is an implied warranty in the sale of goods, ware, and merchandise, drinks sold for human consumption as a beverage, that it is reasonably fit for the purpose for which it is ordinarily sold, *or that it is fit for the special purpose intended by the buyer, if that purpose be communicated to the vendor when the order is given*." (Emphasis added.)

In 46 Am.Jur. Sales, § 346, it is stated:

" * * * The rule as generally stated is that where the buyer orders goods to be supplied for a particular purpose communicated to the seller, and trusts to or relies upon the judgment or experience of the seller to select goods which shall be applicable to and suitable for that purpose, there is an implied warranty that they shall be reasonably fit therefor."

As recited in the majority opinion, plaintiff alleged in his petition that defendants had impliedly warranted the fitness of the ladder for use by plaintiff's employer. Although the trial judge restricted plaintiff's counsel as to this point early in the opening statement, it is my opinion the statement as a whole indicates evidence was to be submitted to establish that the seller (Cook) had reason to know of the particular purpose for which the ladder would be used and had impliedly warranted the metal ladder could be used both to support a scaffold and, possibly, in the same manner as a wooden ladder. In view of the allegations of plaintiff's petition and the above cited authorities, in the opinion of this writer, such evidence properly could be submitted to support a course of action for breach of an implied warranty for a particular use.

I respectfully dissent.