## CHAMBERS v. VAN WAGNER.

No. 1689.  Opinion Filed May 14, 1912.

(123 Pac. 1117.)

1. **PLEADING—Pleading and Proof—Variance.** "It is a general rule in actions at law that, in order to enable plaintiff to recover or defendant to succeed in his defense, what is proved or that of which proof is offered by the party on whom lies the onus probandi must not vary from what he has previously alleged in his pleadings; and this is not a mere arbitrary rule, but is one founded on good sense and good law." 22 Pl. & Pr. 527.

2. **SAME — Trial — Instructions — Pleadings to Support.** It is error to admit testimony in support of facts not put in issue by the pleadings, and, as a logical corollary, it is error to instruct the jury upon issues not raised by the pleadings.

(Syllabus by Harrison, C.)

*Error from District Court, Woods County;*
*R. H. Foofbourrow, Judge.*

Action by Fred Van Wagner against T. S. Chambers.  Judgment for plaintiff, and defendant brings error.  Reversed and remanded.

*T. J. Womack* and *Dale, Bierer & Hegler*, for plaintiff in error.

Opinion by HARRISON, C.  This action was begun in the court below by Fred Van Wagner against T. S. Chambers to recover the sum of $255.80 alleged to be due plaintiff from defendant as commissions for buying certain tracts of land.  The petition alleged that said amount was due him by reason of a contract entered into between plaintiff and one John B. Linden, a duly authorized agent of, and acting for, defendant; that the contract with Linden was that plaintiff purchase certain tracts of land for defendant, Chambers; that pursuant to such contract, and acting under authority of same, he purchased the land in question, and, in fact, had done all things required of him to be done by virtue of said contract, and that there was yet due and unpaid to him as commissions on said contract the sum of $255.80.  Wherefore he asked judgment.

Defendant answered, denying all the material allegations in the petition, denying specifically that the said John B. Linden was authorized in any manner to make the contract alleged in plaintiff's petition, and denying that the said John B. Linden was the agent of defendant in the purchase of said land, and that he was the defendant's agent for any purpose.  The cause was tried May, 1909, resulting in a verdict in favor of plaintiff in the sum of $200.  Motion for new trial being overruled and judgment being rendered on said verdict, Chambers, the plaintiff in error, appeals to this court, assigning prejudicial error in the court's instruction and in the admission and rejection of testimony, and overruling plaintiff in error's motion for a new trial.  The instruction complained of is as follows:

"No. 2.  You are further instructed that there is no evidence in this case tending to show that the alleged agency ever existed between the said John B. Linden and the said T. S. Chambers, and you will eliminate that feature from this case in

arriving at your verdict. You are instructed that while the evidence does not disclose any agency to have existed between Linden and Chambers, and if Linden did act, that he did so without authority in relation to this transaction, still if you believe from the evidence that the plaintiff, Van Wagner, did make the contract and secure the purchase and sale of the lands in controversy for the defendant, Chambers, as alleged and claimed by the plaintiff, and that the defendant Chambers had full knowledge of what the plaintiff had done and was doing toward the completion of the deal, and Chambers ratified the bargain so made, then the contract will be as binding upon the defendant as if he had authorized Van Wagner to make the bargain in the first instance; and if you find from a preponderance of the evidence that plaintiff Van Wagner, with the knowledge, advice, and consent of the defendant made the purchases of the lands for the defendant, then the plaintiff is entitled to recover from the defendant the reasonable value of the services so rendered. and in arriving at the value of such services you may consider the evidence relative to the value of such services for the purchase of the Morrison land and the Bergen land. And if you find from a preponderance of the evidence that the plaintiff submitted to the defendant a telephone bill and indicated certain items thereon, and that the defendant promised to pay for such items to the plaintiff, then you may consider the telephone bill. And if you find from a preponderance of the evidence that the defendant authorized the plaintiff to make the settlement with Fred Baldwin for the wheat crop on the Dacoma townsite, or that he had full knowledge of such deal between Linden and the plaintiff, and that the defendant ratified such deal, then you may find on that proposition in favor of the plaintiff for the real value of such services."

This instruction is erroneous, in that it charges the jury upon an issue not raised by the pleadings. The plaintiff sought to recover upon a contract entered into with John B. Linden as agent of defendant. This agency was denied by defendant. This was the only issue raised by the pleadings, and the foregoing instruction was a material variance from the issues raised in the pleadings.

"It is a general rule in actions at law that, in order to enable the plaintiff to recover or a defendant to succeed in his defense, what is proved or that of which proof is offered by the party on whom lies the *onus probandi* must not vary from what he has previously alleged in his pleadings; and this is not a

mere arbitrary rule, but is one founded on good sense as well as good law." (22 Pl. & Pr. 527.)

See, also, *Graham v. Trimmer,* 6 Kan. 230; *S. K. Ry. Co. v. Griffith,* 54 Kan. 429, 38 Pac. 478; *A., T. & S. F. Ry Co. v. Irwin,* 35 Kan. 287, 10 Pac. 820; *Brookover v. Esterly,* 12 Kan. 149, 151; *Newby v. Myers,* 44 Kan. 477, 24 Pac. 971; *K. P. & W. Ry. Co. v. Quinn,* 45 Kan. 477, 25 Pac. 1068.

It being error for the court to instruct the jury upon an issue not raised by the pleadings, it logically follows that it is error to admit testimony in support of facts not put in issue by the pleadings. This was done in the case at bar. In *Chicago, R. I. & P. Ry. Co. v. Spears, ante,* 122 Pac. 228, this court held:

"An instruction upon a material issue, not raised by the pleadings, when excepted to, is reversible error. (a) Evidence predicated upon such issue, not raised, introduced over objection, on the ground that the same was incompetent, because no such issue had been joined, and the pleadings not having been amended to raise such issue, is improperly admitted"
—citing *Am. Jobbing Ass'n v. James,* 24 Okla. 460, 103 Pac. 670.

It is also argued that the court erred in not permitting defendant below to read in evidence the deposition of John B. Linden, the alleged agent in question; the defendant seeking to read such deposition for the purpose of proving that said Linden was not defendant's agent, and had not represented himself to plaintiff as being defendant's agent. The rejection of this testimony was material error.

For the reasons given, the judgment should be reversed, and the cause remanded.

By the Court: It is so ordered.