## EL RENO WHOLESALE GROCERY CO. v. KEEN.

No. 14368—Opinion Filed Nov. 13, 1923.

**1. Pleading — Pleading and Proof — Variance.**

"It is a general rule in actions at law that in order to enable plaintiff to recover or defendant to succeed in his defense, what is proved or that of which proof is offered by the party on whom lies the onus probandi must not vary from what he has previously alleged in his pleadings; and that is not a mere arbitrary rule, but is one founded on good sense and good law."

**2. Trial — Instructions — Pleadings to Support.**

"It is error to admit testimony in support of facts not put in issue by the pleadings, and, as a logical corollary, it is error to instruct the jury upon issues not raised by

the pleadings." Chambers v. Van Wagner, 32 Okla. 774, 123 Pac. 1117.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Custer County; Frank Mathews, Assigned Judge.

Action by El Reno Wholesale Grocery Company against J. E. Keen. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

T. W. Jones, Jr., and Eugene Forbes, for plaintiff in error.

E. L. Mitchell and **W. P. Keen, for de**fendant in error.

THREADGILL, C. The plaintiff in error, plaintiff below, on April 3, 1922, brought suit in the district court of Custer county, against the defendant in error, defendant below, to recover the sum of $501.08, with six per cent. interest from February 24, 1921, on an open account. The defendant answered, admitting the account and| pleading as an affirmative defense breach of written contract for 200 sacks of cane sugar for future delivery at $17.50 per sack, The answer stated that the contract was made by the duly authorized agents of the parties at Weatherford, Okla., February 19, 1920; that it was mutually agreed between the parties that the plaintiff should sell and deliver to the defendant and defendant should receive and accept at an agreed price of $17.50 per sack 200 sacks of cane sugar to be delivered as stated in the contract; that the plaintiff had delivered 50 sacks under the contract and had failed to deliver the balance, being 150 sacks, the same being worth, at the time of delivery, $30 per sack; but because of this failure to deliver said sugar he was damaged in the sum of $1,875, and he offers to set off from this amount the $501.-08, claimed by plaintiff and asks for judgment against the plaintiff over and above the set-off in the sum of $1,373.93, with interest at six per cent. from July 15, 1920, as damages.

The order upon which this affirmative relief was based was as follows:

"El Reno Wholesale Grocery Co.

"Terms Net_____El Reno, Oklahoma date

Sold 2-19-20

"2%_____ (Signed)    Dated Billed

"Salesman George

"No. _____    Journal Folio

"Sold to Keens Store

"Town and State Wford

"Shipped by_____2 per cent.

"Shippers check Quantity Article Weight

Price Net Cash

"50 Sx. Cane Sugar May 15        $17.50

"50 Sx. Cane Sugar June 15        $17.50

"50 Sx. Cane Sugar July 15        $17.50

"(Signed)

"Keens Store

"W. P. Keen"

To this answer the plaintiff filed a verified reply, which, omitting the caption, was as follows:

"Comes now the plaintiff above named and for its reply to the answer of the defendant filed herein denies each and every material allegation contained in the defendant's claim of set-off.

"T. W. Jones, Jr.,

"Attorney for Plaintiff.

"State of Oklahoma,

"County of Canadian

"S. S. Macy being first duly sworn upon oath deposes and says that he is secretary of the plaintiff corporation aboved named and as such is authorized to make this affidavit; that he has read the above and foregoing reply of the plaintiff to the defendant's answer, and that the statements therein made are true as he verily believes.

"S. S. Macy.

"Subscribed and sworn to before me this 21 day of November, 1922.

"R. B. Strong, Court Clerk.

"By Mona Whitesil, Deputy."

With the issues thus joined, the cause was tried to a jury November 22, 1922, the defendant assuming the affirmative, and resulted in a verdict and judgment in favor of the defendant over and above the set-off in the sum of $766.42. and the plaintiff brings the cause here by petition in error and case-made for review, alleging the following errors:

"1. Overruling the objection to the following question on page 17 of the case-made: 'I will ask you to state whether or not any of this sugar was shipped.' 2. In overruling plaintiff's objection to the introduction of Exhibit A. 3. In permitting the defendant to answer questions as to the market value of sugar without specifications as to what market, over the objection of plaintiff.

4. In permitting witness Hawk to testify as to the market value of sugar without specification as to the place, over the objection of the plaintiff. 5. In permitting witness to testify as to market value of sugar at Weatherford over the objection of plaintiff. 6. In permitting witnesses to testify as to value of sugar at Clinton, Oklahoma, over the objection of plaintiff. 7. In permitting witness to testify as to value of sugar, over the objection of plaintiff. 8. In failing to sustain motion of plaintiff to strike testimony of witness as to market value of sugar at page 51 of case-made. 9. In refusing to sustain the motion of plaintiff made at the conclusion of defendant's case to strike defendant's testimony. 10. In refusing to sustain the demurrer of plaintiff to the evidence of defendant. 11. In refusing instruction No. 1, requested by plaintiff. 12. In refusing instruction No. 2, requested by plaintiff. 13. In giving instruction No. 2, 14. In giving instruction No. 3. 15. In giving instruction No. 4. 16. In giving instruction No. 5. 17. In overruling motion of plaintiff for a new trial."

It appears from the record that the principal contention of plaintiff in error is that the material allegations of the answer as to the contract relied on were not proven.

If this contention is upheld by the record and the authorities it will be decisive of this appeal without going into the other questions raised by the petition in error.

The answer describes a certain contract executed at Weatherford, Okla., by the duly authorized agents of the parties. The testimony shows that what the defendants alleged to be a contract was an order for the future delivery of cane sugar signed by "W. P. Keen," manager of the retail store, and near the top was the name of "George" after the word salesman. There was no testimony as to the agency of George for any purpose except to solicit and take orders for the plaintiff company and he explained his name in the body of the order as a memorandum and his testimony was undisputed. The burden of proof was upon the defendant to prove the agency of the salesman George, to make out his case according to the allegations in the answer.

Davis v. Decker Bros. Co., 92 Okla. 177, 218 Pac. 518; Thorp Oil & Specialty Co. v. Home Refining Co., 79 Okla. 225, 192 Pac. 573.

There is no testimony in the record to prove that this order was a contract until

approved by the credit man of the company, and there is no issue in the pleadings as to the order being approved by the company, and there is no issue as to the order becoming a contract by ratification of the company, and there was no offer in the trial of the case on the part of the defendant to amend the answer tendering issues of approval and ratification. It is, therefore, clear that the evidence did not support the material allegations of the answer and it was error for the court to allow testimony in proof of a contract made in a different way than as alleged in the defendant's answer. 13 C. J., at page 748, lays down the general rule as to conformity between the pleadings and the proof as follows:

"In actions on contract, as in other civil actions, there must be a conformity between the pleadings and the proof, it being obvious that a party cannot declare on the cause of action, and recover on the establishment of another and different one."

13 C. J., at page 750, lays down this rule:

"It is almost elementary that where a party declares on a special contract and the contract proved is essentially variant from the one declared on, he cannot recover, as the allegations and proof must correspond; and it is a well settled legal principle that a recovery cannot be had on proof without corresponding allegations. Plaintiff is not allowed to declare on one cause of action and recover on proof of another, because, if such variances are tolerated, however diligent defendant may be, he cannot so prepare his defense as to meet surprises. A variance between a contract set forth in a plea or answer and that given in evidence is equally fatal to the defense."

The rule is applied by this court in the case of Chambers v. Van Wagner, 32 Okla. 774, 123 Pac. 1117. Justice Harrison, speaking for the court, states the rule in the syllabus as follows:

"1. It is a general rule in actions at law that, in order to enable plaintiff to recover or defendant to succeed in his defense, what is proved or that of which proof is offered by the party on whom lies the onus probandi must not vary from what he has previously alleged in his pleadings; and this is not a mere arbitrary rule, but is one founded on good sense and good law.

"2. It is error to admit testimony in support of facts not put in issue by the pleadings and, as a logical corollary, it is error to instruct the jury upon issues not raised by the pleadings."

This rule is supported by many other cases: Newby et al. v. Meyers (Kan.) 24

Pac. 971; A., T. & S. F. Ry. Co. v. Irwin (Kan.) 10 Pac. 820; Kalipsell Liquor & Tobacco Co. v. McGovern (Mont.) 84 Pac. 709; American Livestock & Loan Co. v. Great Northern Railway Co. (Mont.) 138 Pac. 1102.

The holding in all these cases is not in variance but in conformity with sections 312, 313, and 314 of Compiled Statutes of 1921.

Taking the view that the contract pleaded was not proven by the defendant, the errors complained of in the admission of testimony and the instructions are apparent. The cause should be reversed and remanded for new trial.

By the Court: It is so ordered.