## SOUTHWESTERN SUPPLY CO. v. HOOD TIRE CO., Inc.

No. 12226—Opinion Filed Oct. 28, 1924.

(Syllabus.)

**Appeal and Error—Objections Below—Admission of Evidence.**

Where a document, incompetent as evidence, is erroneously received in evidence over sufficient objections and exceptions of a party to the action, every subsequent question which involves the consideration of such document is likewise incompetent, and the action of the court in permitting such question to be propounded and answered may be urged as error on appeal without objection having been specifically made thereto in the lower court.

Error from District Court, Oklahoma County; Arthur R. Swank, Assigned Judge.

Action by the Hood Tire Company, Inc., against the Southwestern Supply Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded for new trial.

S. A. Horton, and C. D. Bennett, for plaintiff in error.

Everest, Vaught & Brewer, for defendant in error.

LYDICK, J. This action was begun in the district court of Oklahoma county by the Hood Tire Company, Inc., as plaintiff, against the Southwestern Supply Company, a corporation, defendant, to recover moneys alleged to be due by the defendant to the plaintiff upon a duly verified account attached to plaintiff's petition and therein alleged to be correct. The defendant, by answer, denied under oath the correctness of this account and filed a cross-petition, wherein it sought to recover from the plaintiff damages for an alleged breach of contract whereby the defendant claimed the plaintiff had given unto the defendant the exclusive right to sell its products in certain designated counties of the state. The court directed the jury to return a verdict in favor of the plaintiff. and thereupon it rendered judgment accordingly. The defendant appeals to this court. We will refer to the parties according to the position they occupied in the lower court.

The plaintiff offered in evidence a written statement of a part of the account sued on, which had been prepared by inserting thereon the substance of the entries appearing upon the books of the plaintiff company. The defendant sufficiently objected to the competency of this evidence, but the court admitted the same in evidence and the defendant excepted. This was error. See section 653, Comp. Stat. 1921. Thereupon counsel for plaintiff asked of the witness who produced the statement of account a question calling for the consideration of this statement and certain other proven payments made thereon, after the statement of account had been written, and a determination by the witness therefrom of the net amount then due. This question and the answer of the witness thereto amount to a recital by the witness that the sum designated by the question was then due and owing by the defendant to the plaintiff. No objection to this particular question was made by the defendant, but the objection to the admission in evidence of the statement of account was sufficient to constitute an objection to this question.

Where a document, incompetent as evidence, is erroneously received in evidence, over sufficient objections and exceptions of a party to the action, every subsequent question which involves the consideration of such document is likewise incompetent, and the action of the court in permitting such question to be propounded and answered may be urged as error on appeal without objection having been specifically made thereto in the lower court. See 3 C. J. page 823, par. 734; Metropolitan Nat. Bank v. Commercial State Bank (Iowa) 74 N. W. 26; Vaughn v. Wm. F. Davis & Sons (Mo.) 221 S. W. 782; Jordan v. Kavanagh (Iowa) 18 N. W. 851.

The question and answer referred to constitute incompetent evidence, and it was error of the court to admit the same. There is no other evidence to support the judgment in favor of the plaintiff upon this account and the judgment, therefore, cannot stand.

The agency contract by which the plaintiff granted to the defendant the right to sell its products was in writing. It is clear and unambiguous and did not grant the defendant exclusive agency in the territory named. The court properly refused to permit that contract to be modified by parol testimony and accordingly rightfully directed the jury to return a verdict against the defendant on its cross-petition.

For error of the court in directing a verdict and rendering a judgment in favor of the plaintiff upon the account, upon which the plaintiff's petition is based, the judgment of the lower court is reversed and remanded for new trial in accordance with this opinion.

McNEILL, C. J., and NICHOLSON, HARRISON, BRANSON, JOHNSON, WARREN, and GORDON, JJ., concur.