### McCRAY v. CUNNINGHAM et al.

No. 11600—Opinion Filed March 17, 1925.

**1. Pleading—Variance in Proof.**

It is a general rule in actions at law that in order to enable plaintiff to recover or defendant to succeed in his defense, what is proved or that of which proof is offered by the party on whom lies the onus probandi must not vary from what he has previously alleged in his pleadings; and this is not a mere arbitrary rule, but is one founded on good sense and good law. Chambers v. Van Wagner, 32 Okla. 774, 123 Pac. 1117.

**2. Same—Trial—Instructions Outside Issues.**

It is error to admit testimony in support of facts not put in issue by the pleadings, and, as a logical corollary, it is error to instruct the jury upon issues not raised by the pleadings. Chambers v. Van Wagner, 32 Okla. 774, 123 Pac. 1117.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Creek County; Lucien B. Wright, Judge.

Action by W. A. Cunningham and John H. Keller, a copartnership, against W. S.

McCray. Judgment for plaintiffs, and defendants appeal. Reversed and remanded.

A. F. Moss and L. G. Owen, for plaintiff in error.

Thompson & Smith, for defendants in error.

Opinion by JONES, C. This is an appeal from a judgment of the district court of Creek county, wherein the defendants in error were plaintiffs and the plaintiff in error was defendant. The action was to recover $3,815 for building a standard rig by the plaintiffs for the defendant, McCray. Plaintiffs alleged in their petition:

"That it was agreed and understood by and between the plaintiffs and the defendant, that the contract price for the building and erection of said rig was to be $3,-815, payable in cash immediately upon the completion of said rig," etc.

Upon the trial of the case to the court and jury a verdict was rendered by the jury in favor of the plaintiffs for the amount sued for, motion for a new trial was filed by the defendant, which was overruled, and defendant prosecutes this appeal, and assigns as error the action of the court in admitting incompetent, irrelevant and immaterial evidence and secondary evidence over the objections of the defendant, and error of the court in refusing to sustain the demurrer of defendant to the plaintiffs' evidence, and error of the court in refusing to give certain requested instructions.

The first proposition urged by appellant goes to the admissibility of certain evidence, and the record discloses that the plaintiffs were permitted to introduce unverified itemized statements of materials furnished and labor performed, in the erection of the derrick, which, according to plaintiff in error, were copies of certain book records, and did not constitute the best evidence.

Defendants in error contend that the itemized statements offered, with two exceptions, were the original invoices of certain materials purchased, but in our judgment the evidence, as disclosed by the record, does not bear this contention out, and if, in fact, the statements offered were merely copies of the book record, they were clearly inadmissible in evidence. Kasenberg et al. v. Hartshorn, 30 Okla. 417, 120 Pac. 956; Drumm-Flato Commission Co. v. Edmisson, 17 Okla. 344, 87 Pac. 311; and a more recent case of Southwestern Supply Company v. Hood Tire Company, 107 Okla. 85, 230 Pac. 237.

The error complained of in this proposition, however, is not so material in this case, as we think the second proposition urged is decisive of the rights of the parties in this controversy. At the close of plaintiffs' evidence in chief, the defendant interposed a demurrer upon the ground that there was a fatal variance in the proof and pleadings, wherein plaintiffs allege a specific agreement for a price certain for the construction of the derrick. The evidence wholly fails to establish any such agreement, and the testimony objected to, which was offered as proof of cost of the derrick, neither proved nor tended to prove an express agreement, and the plaintiffs, both of whom took the stand, testified to no facts sufficient to constitute an express agreement; in fact, their testimony disclosed that there was no express agreement as to the amount they were to receive for building the derrick. The defendant averred in his answer that he was to pay plaintiffs the customary price for the erection of the derrick and tendered into court the sum of $2,750, and specifically denied that there was an express agreement.

In the case of Chambers v. Van Wagner, 32 Okla. 774, 123 Pac. 1117, this court announces the following rule:

"1. Pleading—Pleading and Proof—Variance. It is a general rule in actions at law, that in order to enable plaintiff to recover or defendant to succeed in his defense, what is proved or that of which proof is offered by the party on whom lies the onus probandi must not vary from what he has previously alleged in his pleadings; and this is not a mere arbitrary rule, but is one founded on good sense and good law."

"2. Pleading — Trial — Instructions. Pleading to Support. It is error to admit testimony in support of facts not put in issue by the pleadings, and, as a logical corollary, it is error to instruct the jury upon issues not raised by the pleadings."

Which is a correct rule of law, and we think applicable to the facts as they appear in this case. The plaintiffs did not offer to amend their petition to conform to the facts proven, and we think the court was in error in refusing to sustain the demurrer, and we therefore recommend that the case be reversed, and remanded for a new trial.

By the Court: It is so ordered.