**TURNER et al. v. COX, County Treasurer.**

No. 18588.   Opinion Filed June 11, 1929.

Rehearing Denied Sept. 24, 1929.

226

Joseph C. Stone, Charles A. Moon, and Francis Stewart, for plaintiffs in error.

Tom H. Fancher and Lynn Adams, for defendant in error.

SWINDALL, J. This was an action for the purpose of recovering certain taxes, paid under protest, commenced by the plaintiffs in error, plaintiffs below, against the defendant in error, defendant below. Hereinafter, for convenience, the parties will be called plaintiffs and defendant respectively, as they appeared in the trial court.

On February 18, 1926, the plaintiffs filed their petition in the district court of Hughes county, Okla., against the defendant, as county treasurer of that county, to recover one-half of certain taxes paid by them under protest for the fiscal year ending June 30, 1926, in which petition the plaintiffs alleged that said levy was and is illegal and void for the following reasons, to wit:

"That there existed a surplus of $35,421.58 in said highway fund at the close of the fiscal year ending June 30, 1925, which was not considered by said county or the excise board of said county in making and approving said county's budget for the fiscal year ending June 30, 1926, and that said surplus when considered with the estimated income of said fund for the fiscal year ending June 30, 1926, was and is sufficient to meet the amount appropriated for said fund for said fiscal year ending June 30, 1926; that ten per cent. of the appropriation made and approved for county highway purposes for said county for said year was added to said appropriations as a reserve for the collection of delinquent taxes and that said ten per cent. included ten per cent. of the amount to be received by taxation, other than on an ad volorem basis, for said fiscal year ending June 30, 1926; that the county estimate as made, published and filed with the county excise board of said county for said fiscal year ending June 30, 1926, did not set forth therein in itemized form as required by law the probable and estimated needs for said county highway fund; that as a result of all of the foregoing the said alleged illegal levy of 3.5 mills resulted. was illegal and excessive in its entirety, and was made. levied and approved, assessed and extended against said property to this plaintiffs' damage."

Before said action was tried, and on June 25, 1926, plaintiffs filed a supplemental petition, making the same allegations relative to the second half of their taxes for the fiscal year ending June 30, 1926.

The defendant answered by general denial, and upon the issues thus framed the cause was tried to the court and resulted in a judgment denying the prayer in plaintiffs' petition, in so far as same relates to the above mentioned taxes.

The same contentions are made by plaintiffs in this case as were presented to this court in the appeal from the Court of Tax Review, in the case of Missouri, Kansas & Texas Railroad Company v. Washington County, 136 Okla. 191, 276 Pac. 769. wherein this court said:

"Section 2, art. 3, c. 173, Sess. Laws of Oklahoma 1915, as amended by section 5. c. 30, Sess. Laws 1916, p. 76, and brought forward as section 10202, C. O. S. 1921, as supplemented and amended by implication by chapter 48, Sess. Laws Sp. Sess. 1923-24. authorizes the county excise boards of the various counties in the state to levy an additional tax for the county highway fund, which excess. together with the maximum amount allowed counties for current expenses, under section 9692, C. O. S. 1921, may not exceed 8 mills.

"The provision of the Constitution (section 57, art. 5) that no law shall embrace

more than one subject, which shall be clearly expressed in its title, was designed to prevent (1) the joining in the same bill subjects diverse in their natures and having no necessary connection; and (2) the insertion of clauses in a bill of which the title gives no intimation.

"Chapter 48, Sess. Laws, Sp. Sess. 1923-24, has for its subject the single purpose of establishing a highway system for the state of Oklahoma, and providing for the maintenance thereof, and this subject is clearly indicated in its title. It is therefore not in conflict with the provision of the Constitution above quoted.

"A law which does not assume in terms to repeal other provisions of an existing law, or amend an existing law, or to confer or extend the provisions thereof by reference to its title only, but only provides for the diversion of the revenues raised from various sources, and by ad valorem tax levy authorized and provided for under existing general state law, to accomplish the purposes of the same subject and same object and carrying said laws upon said specific subject into effect, by such diversion of the several funds into one fund, instead of requiring them to be levied and collected and carried by the legal custodian of said fund under different headings, has an amendatory effect by implication, although it expressly repeals all inconsistent acts, does not conflict with section 57 of article 5 of the Constitution.

"Chapter 48, Sess. Laws, Sp. Sess. 1923-24, does not conflict with section 19 of article 10 of the Constitution."

We do not feel that it would serve any useful purpose to further discuss the constitutionality of the above-mentioned act of the Legislature at this time, for the same is fully settled in Missouri, Kansas & Texas Railroad Company v. Washington County, supra, and is here adhered to.

Counsel further contend that the items going to make up the county highway fund are not sufficiently itemized as to comply with the laws of this state. It appears that the Legislature at different sessions since 1909, down to the enactment of this law in 1924, made provision for a certain levy for county roads and county bridges and county road maintenance purposes and for state highways, but in adopting the present act provided for converting all of the different revenues provided for under former acts into one fund to be known as the county highway fund, to be used in the construction and maintenance of county highways or state highways, or both, at the option of the board of county commissioners, and it is for the Legislature and not for this court

to determine the amount of the levy and whether the same is to be placed into one fund or carried in separate funds as had been provided under previous acts of the Legislature, and so long as the levy does not exceed the limit authorized by the Constitution for county expenses, it is not for this court to say whether it shall be carried in one fund for county highway purposes or so many mills levied for county highways and so many for state highways, and so many for roads and bridges, or otherwise. as these are matters that the Legislature has the power to control.

It is next contended by plaintiffs that the total levy is excessive and violates the Constitution to the amount of .75 mills. However, the plaintiffs did not so plead in their petition in the trial court, and this issue was not presented in the court below and will not be here considered for the first time.

In the case of Chambers v. Van Wagner, 32 Okla. 774, 123 Pac. 1117, this court said:

"It is a general rule in actions at law that, in order to enable plaintiff to recover or defendant to succeed in his defense, what is proved or that of which proof is offered by the party on whom lies the onus probandi must not vary from what he has previously alleged in his pleadings; and this is not a mere arbitrary rule, but is one founded on good sense and good law."

In Herbert v. Wagg, 27 Okla. 674, 117 Pac. 209, in passing upon this question, this court announced the same rule, thus:

"A party bringing an action is required to frame his pleading in accord with some definite, certain theory, and the relief to which he claims to be entitled must be in accord therewith; on appeal he is bound by the position and theory assumed and on which the case was heard in the trial court."

To the same effect is Gunn v. Jones, 66 Okla. 321, 169 Pac. 895, and Stockman v. Loeser, 83 Okla. 190, 201 Pac. 499.

So we hold that this issue was not properly presented by the pleadings or raised in the trial court to authorize this court to here review the same.

It is also contended by plaintiffs that there existed a surplus in the highway fund at the end of the preceding fiscal year, which surplus was not taken into account by the excise board; this contention, however, was abandoned by plaintiffs at the trial. At page 38 of the case-made, in the opening statement of counsel for plaintiffs in error, we find this language:

"We allege that this was illegal for the reason that there existed a surplus in the

highway funds at the close of the preceding fiscal year, which made the levy unnecessary. We abandon that claim, however, at this time. We claim, though, that the highway levy was illegal for three reasons: That the budget and estimate as submitted does not comply with the statute requiring estimates to be made by items; that the levy is illegal because it is over and above the four mills for current expenses for the county of Hughes, and which levy of four mills is for other purposes, and the levy of three and one-half mills, being above and over that levy, is illegal."

For the reasons herein above stated, we hold that the decision of the trial court is correct and should be affirmed, and it is so ordered.

MASON, C. J., LESTER. V. C. J., and HUNT, HEFNER, CULLISON, and ANDREWS, JJ., concur.

CLARK, J., not participating.

RILEY, J., absent.