## NICHLOS v. MELTON & MELTON.

No. 19298. Opinion Filed Sept. 24, 1929.

Rehearing Denied Feb. 11, 1930.

Bailey & Hammerly, for plaintiff in error.

Melton & Melton and T. H. Williams, Jr., for defendant in error.

RILEY, J. Melton and Melton, a copartnership of attorneys, sued Nichlos upon a written contract of employment dated June 24, 1925, which contract was entered into when the firm of attorneys consisted of Bond, Melton, Melton & Cabeen. The plaintiff firm acquired all interest of Cabeen on January 1, 1926, by written conveyance. Bond retained his interest in the contract, but apparently withdrew from the firm. The plaintiffs alleged that Bond declined to join as plaintiff. He was made defendant and his interest alleged to be 13 per cent.; plaintiffs' interest 87 per cent.; that by the terms of the contract defendant agreed to pay the sum of $2,500 and costs of suit, at dates prior to November, 1925. Compliance was alleged on the part of plaintiffs, but that defendant owed a balance of $1,522.50, with interest and costs outlaid in the sum of $47,-50. Verified itemized, statement, assignment and contract were attached. The contract sued upon, by its terms, employed Bond, Melton & Melton, lawyers, to sue in cancellation or modification of contract existing between Nichlos and the Oklahoma Natural Gas Company on producing gas wells on acreage in Grady county. The sum mentioned was unconditional and certain; other contingent considerations were included in the contract, but not involved herein. Nichlos' answer, unverified, denied generally and sought to set up an affirmative defense; consequently the verified amount is deemed admitted by defendant.

The execution of the contract sued upon is admitted in the separate answer and at trial correctness of the amount is admitted.

The defense sought to be pleaded, after admitting the contract in the particular case, alleged a general employment for advice relative to business interest, together with a consideration paid therefor by the delivery of 5,000 shares of stock in the Little Nick Oil Company, and a breach of agreement in that plaintiff represented adverse and conflicting interests, as a result of which the contract declared upon was terminated with the payment of a reasonable sum for service already rendered, and that defendant employed other counsel to represent him in the suit mentioned in the contract.

The trial court held the separate answer did not constitute a defense to plaintiff's cause of action, in that the written contract excluded previous and contemporaneous oral agreements.

It was admitted that plaintiff at all times stood ready and willing to perform the services in the case mentioned in the contract, and so notified Mr. Nichlos. The court directed a verdict in favor of plaintiff in the sum sued for, and from the order overruling motion for new trial this appeal is perfected.

Plaintiff in error presents three propositions for error. We consider them in order. (1) The trial court erred in overruling demurrer to plaintiff's petition. The basis of the first assignment of error is that the petition was insufficient, because it attempted to split a cause of action, in that Melton & Melton could not recover without making Bond a party plaintiff, but we observe from the record that Mr. Bond was requested to join as plaintiff, but he declined, whereupon he was made a party defendant as provided by statute section 220, C. O. S. 1921:

"Of the parties to the action, those who are united in interest must be joined as plaintiff or defendant, but if the consent of one who should have been joined as plaintiff cannot be obtained, he may be a defendant, the reason being stated in the petition."

That section of the statute is decisive of the first assignment of error. The cases cited by plaintiff in error are not in point, in that they consider actions where one partner seeks to prosecute in his own name, alone, against the debtor, and such differs from the facts as here, where the partner was made a party to the action and given opportunity to represent his interest.

The next assignment is that the court erred in overruling the demurrer of the defendant, Nichlos, to the evidence of plaintiff below. The reason assigned is that plaintiff did not introduce evidence to prove performance of all the terms and conditions of the contract, nor to prove the assignment of the interest of Cabeen.

As before stated, the assignment of Cabeen's interest in the contract was admitted and the correctness of the verified account attached to the petition of plaintiff was not denied under oath.

Section 287, C. O. S. 1921, provides:

"In all actions, allegations of the execution of written instruments and indorsements thereon, of the existence of a corporation or partnership, or of an appointment of authority, or the correctness of any account duly verified by the affidavit of the party, his agent or attorney, shall be taken as true, unless denial of the same be verified by the affidavit of the party, his agent or attorney."

The suit was upon a contract, definite in its terms, as distinguished from an action upon an implied contract to pay for services performed. Evidence of the value of services is immaterial and inadmissible herein. 6 C. J. 758.

2 R. C. L. 1059, reads as follows:

"In the case of an action by an attorney for compensation under an express valid contract of employment specifying the amount of compensation to be received by the attorney for his services, or in cases of contracts generally, when established, is admissible as evidence of the amount to which the attorney is entitled, and its terms cannot be varied by parol evidence."

See, also, 2 R. C. L. 1047; 6 C. J. 758.

It was admitted that plaintiffs stood ready and willing to perform all the conditions of the contract, so additional proof was unnecessary.

It is contended by the last assignment that the trial court erred in refusing to admit competent, relevant, and material evidence offered by defendant below.

The defendant's answer nowhere alleges an agreement to terminate the contract sued upon. Neither is a conflict of interest alleged as to the suit of Nichlos v. Oklahoma Natural Gas Co.. but the adverse interest alleged goes to another and different contract, which was not alleged to be a modification or in contemplation of the contract in the present action. No reliance is had upon ambiguity, fraud or mistake. modification or rescission, neglect or refusal to perform the conditions specified in the contract, but the defendant's

theory was, as disclosed by his answer, that there was a modification of the terms of the written contract by an oral agreement of a general nature made in 1922, three years before the contract sued upon was executed and without reference to the case of Nichlos v. Oklahoma Natural Gas Co., the subject-matter of the contract herein presented.

Section 5035, C. O. S. 1921, is decisive of the issue presented by this assignment of error.

"The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument."

The judgment of the trial court is affirmed.

MASON, C. J., and HUNT, CULLISON, and SWINDALL, JJ., concur.

CLARK, J., dissents.

LESTER, V. C. J., and HEFNER and ANDREWS, JJ., absent, not participating.

Note.—See (1) 20 R. C. L. 673. (3) 21 R. C. L. 604; 3 R. C. L. Supp. p. 1175; 4 R. C. L. Supp. p. 1423; (4) 10 R. C. L. 1017; R. C. L. Perm. Supp. p. 2815. See "Accounts and Accounting," 1 C. J. §192, p. 664, n. 38. "Attorney and Client," 6 C. J. §343, p. 758, n. 35. "Evidence," 22 C. J. §1459, p. 1102, n. 97. "Parties," 47 C. J. §183, p. 92, n. 52.