## CONAWAY v. BOLT.

No. 23176.    Oct. 15, 1935.

F. J. Lucas, for plaintiff in error.

Floyd L. Rheam, for defendant in error.

PER CURIAM. This was a suit to recover for work and labor and to foreclose a laborer's lien, commenced by the defendant in error, who was plaintiff below, against the plaintiff in error, Loren Conaway (also referred to in the record as Loren Conaway, Sr.) and his son Loren Conaway, Jr. For convenience, we will refer to the parties as they appeared in the trial court.

Trial was had before a jury and a verdict rendered in favor of the plaintiff and against both defendants for the amount

sued for, together with an attorney's fee and foreclosing the lien. Judgment was duly entered on the verdict, motion for new trial was duly filed and overruled, and from which judgment the defendant Loren Conaway has appealed.

Plaintiff's petition alleged that the work and labor were performed by him in pursuance of a verbal contract entered into between plaintiff and the defendants upon the southwest quarter of section 8, township 18, range 13 east, and that the defendants were the owners of said property. The appealing defendant denied the contract, and further pleaded that no person was authorized to employ or direct anyone to perform labor upon the premises in question, and that if labor was performed by plaintiff thereon, it was without the knowledge and consent of said defendant. He also admitted ownership of the land. There were other allegations in the answer, which it is not necessary to notice to determine this case. The answer was verified. Plaintiff replied by general denial.

For reversal, defendant relies upon three propositions, as set out in his brief, viz.: (1) That the trial court erred in admitting testimony on the theory of agency, as it was not specifically pleaded; (2) that the plaintiff's evidence is insufficient to sustain the verdict of the jury and the judgment of the court based thereon; and (3) that where there is a variance in the proof and pleadings, where plaintiff alleges a specific agreement, that a demurrer should be sustained on account of the variance in the proof and the pleadings.

There is abundance of proof in the record that the work was done as alleged by plaintiff, and it is admitted that the lien statement was properly and timely filed. The proof further showed that plaintiff had not been paid for said work.

The case was tried on the theory that Loren Conaway, Jr., was the agent for his father, Loren Conaway, in making the contract, and the court, without objection on the part of the defendant, instructed the jury, among other things, that if they found from a preponderance of the evidence that the defendant Loren Conaway, Jr., was acting as the agent of Loren Conaway, Sr., it would be their duty to return a verdict for the plaintiff and against the defendant Loren Conaway, Sr. There was sufficient evidence introduced on the question of agency, if believed by the jury, to justify them in finding that such agency existed.

Defendant in his brief, under his first proposition above referred to, contends that because the plaintiff did not specifically allege in his petition that the contract with Loren Conaway was made through the agency of Loren Conaway, Jr., the court erred in admitting testimony on that point. In support of this contention defendant cites the following authorities: Chambers v. Van Wagner, 32 Okla. 774, 123 P. 1117; Turner et al. v. Cox, 138 Okla. 225, 280 P. 568; McCray v. Cunningham et al., 109 Okla. 93, 234 P. 633; Nichlos v. Melton & Melton, 141 Okla. 210, 284 P. 642; Barnett v. S. L.-S. F. Ry. Co. et al., 140 Okla. 19, 282 P. 120. But an examination of these cases discloses that they do not support this contention.

Of course, it is an elementary principle that the evidence must be confined to the allegations of the petition, and the cases cited fully support that principle. But defendant loses sight of the fact that the acts of the agent are the acts of the principal, and that acts performed by an agent are in law the acts of the principal. Therefore, where a petition alleges that certain acts were performed by the principal, it is competent to show that such acts were performed through the medium of an agent. This rule of law is stated in 2 Corpus Juris, 904, section 610, as follows:

"In an action by or against a principal on a contract executed or act done by his agent, the contract or act may be declared on as executed or done by the principal without disclosing the fact of agency."

In Root v. Fay, 5 Ariz. 19, 43 P. 527, the court said:

"The record is greatly encumbered with objections and exceptions on the part of the defendant to the rulings of the court in the admission of testimony. They are all based upon the idea that the plaintiff could only show a contract direct with the defendant, but it is elementary that whatever a person may legally do himself he may legally do by the hand of another. Neither is it an objection that the pleadings do not disclose the agency, for it is the theory of the law that the act of the agent is the act of the principal. The principal may, therefore, be declared against direct."

The rule also finds support in the decisions of the United States Supreme Court and many of the state courts too numerous to be set out here. See Southern Surety Co. v. Gilkey Duff Hardware Co., 166 Okla. 84, 26 P. (2d) 144.

In arguing the second contention, that the plaintiff's testimony is insufficient to sus

tain the verdict of the jury and the judgment of the court based thereon, defendant's counsel ignores most of plaintiff's testimony, and bases his argument on the assumption that there had to be a contract made directly between the plaintiff and the defendant in person. Such is not the law, and this court has repeatedly held in lien cases that the contract may be made through an agent.

Agency is a question of fact, to be determined by the jury from all the facts and circumstances in evidence, and may be established by showing either an express appointment with authority to act, or by implication from conduct for which the principal is responsible. Mounts v. Boardman Co. et al., 79 Okla. 90, 191 P. 362.

There is evidence in the record that defendant was at the time the alleged contract was entered into the owner of the property on which the work was done, and had been such owner at all times up to the time of trial; that he turned the property over to Loren Conaway, Jr., for the purpose of constructing a golf course thereon; that the construction of the golf course was with his consent and approval; that he paid the payrolls and other expenses incident thereto, and that he finally took charge of the work himself for the purpose of completing the construction of the golf course, and that the work done by plaintiff was in pursuance of the construction of the golf course, and that defendant had the benefit of said work.

This evidence, if believed by the jury, was sufficient to justify them in finding that Loren Conaway, Jr., was acting as agent for the defendant when he employed the plaintiff to do the work for which he sued.

Defendant's third contention is that where there is a variance in the proof and pleadings, where plaintiff alleges a specific agreement, a demurrer should be sustained on account of the variance in the proof and the pleadings.

In this jurisdiction this matter is governed by statute, being sections 312 313, C. O. S. 1921, which read as follows:

"312. When Variance Deemed Material. No variance between the allegations, in a pleading, and the proof, is to be deemed material, unless it has actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits. Whenever it is alleged that a party has been so misled, that fact must be proved to the satisfaction of the court, and it must also be shown in what respect he has been misled, and thereupon the court may order the pleading to be amended, upon such terms as may be just.

"313. Immaterial Variance. When the variance is not material, as provided in the last section, the court may direct the fact to be found, according to the evidence, and may order an immediate amendment without costs."

Assuming, for the purpose of argument, that there is a variance in the proof and the pleadings as contended by defendant, he is not in position to avail himself of same for the reason that he did not at the trial in the lower court call the court's attention to the variance.

This court has repeatedly passed on this situation and uniformly held that it is not sufficient to demur to the evidence and request an instructed verdict unless the court's attention is specifically called to the questions of variance, and that the defendant was in fact prejudiced by the variance.

This rule is well stated in the case of Parsons et al. v. Heenan, 104 Okla. 86, 230 P. 502, in the following language:

"It is contended by the defendants, plaintiff in error, that there was such a variance between the allegations and the proof as to constitute prejudicial error. This contention was not made in the trial court. While a demurrer was entered to plaintiff's evidence, and a directed verdict requested, the attention of the court was not specifically called to the variance. No objection was made to the introduction of evidence on that ground. The case was tried by both parties, in so far as the record discloses, upon the theory that the proof was responsive to the issues. In such cases the question of variance cannot be considered by this court. It is prohibited by section 312, Comp. Stat. 1921. Under that section no variance between the allegations and the proof is to be deemed material unless it has actually misled the adverse party to his prejudice, and when it is alleged that a party has been misled, that fact must be proved to the satisfaction of the court. It must also be shown in what respect he has been misled. When that showing has been made the court is authorized to order the pleadings to be amended upon such terms as may be just. Under section 313, where the variance is not material, the amendment may be made without costs.

"We think, under these two sections, where the trial court's attention has not been called to the variance, this court is required to treat the pleading as amended to conform to the proof."

Other cases which support this rule are Throm v. Hollister, Gd'n, et al., 92 Okla.

233, 219 P. 115; Mulhall v. Mulhall, 3 Okla. 304, 41 P. 109; Patterson v. Missouri, K. & T. Ry. Co., 24 Okla. 747, 104 P. 31; Aetna Bldg. & Loan Assn. v. McCarty, 78 Okla. 187, 189 P. 357; McMullen v. Holcombe, 125 Okla. 178, 256 P. 888; Lone Star Gas Co. v. Parsons, 159 Okla. 52, 14 P. (2d) 369.

In the Lone Star Gas Co. Case, supra, this court, in ruling on this point, in the course of its opinion, says:

"If the evidence was sufficient to prove a cause of action, the variance was immaterial, because the defendant did not claim surprise or request an adjournment on that ground. C. O. S. 1921, sec. 312; Chase v. Andrews, 145 Okla. 300, 291 P. 114; McGrath v. Durham, 151 Okla. 55, 1 P. (2d) 718; Forbes v. Becker, 150 Okla. 281, 1 P. (2d) 721."

Finding no prejudicial error in the record, we are of the opinion that the judgment of the trial court should be and it is in all things affirmed.

The defendant in error directs the court's attention to the supersedeas bond filed, a copy of which appears in the case-made on file in this court, and prays for judgment thereon. Loren Conaway executed the bond, as principal, and National Casualty Company, as surety. The judgment was entered on June 3, 1931, for the sum of $254.75, with interest thereon from the 6th day of January, 1930, at the rate of 6 per cent., $75 attorney's fee and costs. Let judgment run against the principal and surety on said bond, in said amounts, with interest from the date of the judgment hereby affirmed.

The Supreme Court acknowledges the aid of Attorneys W. G. Roe, T. M. Robinson, and Cecil R. Chamberlin in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Roe and approved by Mr. Robinson and Mr. Chamberlin, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.