PIERCE et al. v. CROWL.

No. 32931. March 9, 1948.

*190 P. 2d 1003.*

Bush, Gable & Gotwals, of Tulsa, for plaintiffs in error.

Hughey Baker and Raymon B. Thomas, both of Tulsa (C. C. Liebler, of Tulsa, of counsel), for defendant in error.

LUTTRELL, J. This action was brought by plaintiff, E. F. Crowl, against the defendants, F. J. Pierce and R. H. Clarkson, partners dba under the name of Federal Building & Material Company, to recover damages for the defective insulation of plaintiff's house. The trial court overruled defendants' demurrer to plaintiff's evidence, and motion for an instructed verdict at the close of all the evidence, and submitted the case to a jury, which returned a verdict in favor of plaintiff. From the judgment rendered on the verdict, defendants appeal.

The sole contention of defendants is that the trial court erred in submitting the case to the jury upon an issue not raised by the pleadings.

Plaintiff's petition alleged an oral contract with the agent or salesman of defendants to insulate the ceilings and three walls of his five-room frame house; that the defendants recommended that they would use good quality material which would give good service, and protect the building and occupants thereof; that they did not use good material, but used a defective material which caused the house to sweat and give off moisture both on the outside and inside; that plaintiff was damaged by the sweating of his house, all of which was the proximate result of the misrepresentations, negligence and want of care of the defendants, and the failure of the material used in insulating the house to perform the service that defendants represented it would perform. To the petition, as an exhibit, plaintiff attached a photostatic copy of a work order on printed form of defendants executed by the salesman of defendants and by plaintiff's wife as agent of plaintiff, in which was written the following: "Guaranteed to stop wall sweating". No motion was filed to make plaintiff's petition more definite and certain, but defendants filed an answer denying that the material used

was inferior, asserting that it was standard material and that the installation of the insulation did not cause the house of plaintiff to sweat and give off moisture inside and out, but that sweating, if it in fact existed, was due to other causes. Plaintiff's reply was a general denial.

Upon the trial of the cause plaintiff's evidence, although to some degree tending to prove that the insulating material had settled considerably, which defendants' witness admitted would indicate some defect in the material, was principally directed to the representations and guarantee made by defendants' salesman to the effect that the installation of the insulation would prevent the sweating of the walls of his house, and the fact that the insulation did not protect him as represented and guaranteed. All this evidence went in without objection.

After defendants' demurrer to the evidence had been overruled, they produced a number of witnesses who testified that the insulation was of good material and was properly installed, and that the sweating of the house after the insulation had been completed was due to the fact that the stoves in plaintiff's house, which burned gas, had no vents or outlets, which caused moisture to accumulate in the house and force its way through the walls. The defendants' salesman admitted that prior to the contract with plaintiff he inspected the inside of the house and saw the stoves of plaintiff, but made no recommendation as to vents or outlets for them, and no suggestion was made to plaintiff that the stoves should have outlets until after the damage had been sustained.

At the close of all the evidence defendants moved for a directed verdict on the ground that plaintiff's petition alleged that the insulation was inferior and faulty, and that there was no evidence to support the allegation, but that the evidence showed that the sweating of the house was due to lack of vents for the stoves. Upon this mo-

tion being overruled, defendants submitted an instruction, which they requested the court to give, instructing the jury that if it found that the insulation material was not inferior and faulty, then it should find for defendants. This instruction was refused by the trial court.

The trial court instructed the jury, among other things, that where an article of personalty is sold for a definite purpose known to the seller, and the seller represents that the article will perform that particular purpose, there is a warranty of fitness which protects the purchaser, and that if the article fails to do what it was sold to do, the seller is liable for all damages suffered thereby. It further instructed the jury that if it found from the evidence that plaintiff believed and relied upon the guaranty or representation in writing made by defendants, the plaintiff was entitled to recover for damages suffered.

Defendants assert that the sole ground upon which recovery was sought was that the insulation was composed of inferior and defective material, and that the trial court erred in submitting the case to the jury on any other theory.

As pointed out above, plaintiff's petition did to some extent allege the representations and guaranty made by defendants' salesman, copy of such written guaranty was attached thereto and made a part thereof, and proof of such representations and guaranty was made without objection. Under these circumstances the cases cited by defendants, Chambers v. Van Wagner, 32 Okla. 774, 123 P. 1117; El Reno Wholesale Grocery Co. v. Keen, 93 Okla. 198, 220 P. 653, and McCray v. Cunningham, 109 Okla. 93, 234 P. 633, are not controlling. In Chambers v. Van Wagner and El Reno Wholesale Grocery Co. v. Keen, supra, contracts made by the duly authorized salesman of the defendant were alleged, but the proof wholly failed to establish agency. In the Van Wagner case plaintiff proved ratification without pleading it, and in

El Reno Wholesale Grocery Co. v. Keen wholly failed to prove agency, and in each case proof directed to a ground of recovery not pleaded was objected to by defendants. In McCray v. Cunningham, supra, the suit was upon an express contract, and inadmissible evidence of other grounds for recovery was apparently admitted over the objection of defendant.

In Rosser-Moon Furniture Co. v. Harris, 191 Okla. 607, 131 P. 2d 1004, we held that where evidence was introduced without objection, establishing a claim or defense which substantially changed the claim or defense alleged in the petition or answer, such error was to be disregarded where it did not affect the substantial rights of the adverse party, and that where a ground for relief or defense had been proven by testimony admitted without objection, the pleading would be considered as amended to conform to the proof, if such amendment could have been made during the trial of the cause.

In the instant case defendants did not deny the representations and guaranty made by their salesman, but attempted to show that the failure of the insulation to live up to such guaranty or representation was due to defective conditions in plaintiff's house, which conditions were known to defendants' salesman at the time he made the representation and guaranty. If we concede that the allegations in plaintiff's petition were insufficient to state a cause of action upon the representations and guaranty, the variance between plaintiff's pleadings and proof was not material, since it is not shown that such variance misled defendants to their prejudice. Neither was it specifically called to the attention of the trial court. In order that defendants could avail themselves of such variance here it was necessary for them to specifically call attention to such variance in the trial court, and to show that the variance was prejudicial. Conaway v. Bolt, 174 Okla. 180, 50 P. 2d 170. In the absence of any such showing we will treat plaintiff's petition as amended to conform to the proof. Conaway v. Bolt, supra.

The trial court properly submitted to the jury the question of the representation made by the agent of defendants, and the failure of the insulation to perform the purpose, which by said representation, it was guaranteed to perform.

The rule in such case is announced in Ransom v. Robinson Packer Co., 120 Okla. 17, 250 P. 119, as follows:

" 'Where an article of personal property is sold for a definite purpose made known to the seller, and the seller represents that the article will perform that particular purpose, there is a warranty of fitness which protects the purchaser and for which the seller is liable, in event the article fails to do what it was sold to do.' International Harvester Co. v. Lawyer, 56 Okla. 207, 155 P. 617; Bishop-Babcock-Becker Co. v. Estes Drug Co., 63 Okla. 117, 163 P. 276; Fairbanks-Morse & Co. v. Miller, 80 Okla. 265, 195 P. 1083; 35 Cyc. 383, 399, 419, 441, 24 R.C.L. 204."

The instruction requested by defendants, which would limit the consideration of the jury to the question of whether or not the insulation material was defective, was properly refused.

Affirmed.

HURST, C.J., DAVISON, V.C.J., and WELCH, BAYLESS, CORN, GIBSON, and ARNOLD, JJ., concur.