## WAT HENRY PONTIAC CO.
## v. BRADLEY.

No. 33323. Sept. 20, 1949.
Rehearing Denied Oct. 4, 1949.

*210 P. 2d 348.*

Hughey Baker, of Tulsa, for plaintiff in error.

H. L. Smith, of Tulsa, for defendant in error.

JOHNSON, J. This is an action to recover the sum of $324.56 damages for breach of an express oral warranty of a used car purchased by plaintiff, defendant in error, from the defendant, plaintiff in error, hereafter referred to as plaintiff and defendant. A trial on the merits resulted in a judgment against the defendant in the sum of $279.56. From this verdict and order overruling motion for a new trial, defendant appeals.

The plaintiff alleged that on the 22nd day of October, 1944, she purchased a used Buick automobile from the defendant, paying $890 cash for same; that the same was purchased by oral contract and that the vehicle was warranted as being in first-class condition, usable and serviceable in every respect; that plaintiff relied on said representation, but that said car was not in first-class usable condition; that it was necessary to have said vehicle repaired and parts replaced, and that she expended on said car the sum of $249.56; that she suffered damages as

expenses and inconvenience in the sum of $75.

A demurrer was filed and overruled, after which defendant filed an answer, denying that plaintiff had sued the proper party; denied that the contract was oral; that any recommendations were made; that plaintiff suffered any damages. Thereafter defendant filed an amendment to his answer claiming certain Federal statutes, 50 U. S. C. A. App. 906, otherwise known as O. P. A., which fixed the ceiling price on used cars and alleged that the maximum price regulation on a car as the one involved here, without warranty, was $888. To this a reply was filed denying that maximum ceiling prices or O. P. A. affected in any way the oral contract of purchase, and the cause was tried to a jury on the 6th day of May, 1947, and judgment was rendered as heretofore stated.

The defendant (plaintiff in error) in his petition in error made thirteen specifications of error. In the brief, eleven are set out, but only four specifications are urged and argued. We shall consider only those argued. We now consider defendant's proposition one:

"Generally, no implied warranty of quality or fitness is present in sale of a secondhand automobile, but doctrine of caveat emptor applies."

This is the general rule as to implied warranties as stated in 42 C. J. 780, §322; however, the plaintiff in this case does not rely on an implied warranty, but upon an express verbal warranty, and the rule of caveat emptor does not apply where there is an express warranty of condition, and does not apply to hidden defects which are not open to discovery by the buyer. 42 C. J. 781, §324; International Harvester Co. v. Lawyer, 56 Okla. 207, 155 P. 617; Pierce v. Crowl, 200 Okla. 27, 190 P. 2d 1003.

The plaintiff testified that on October 22, 1944, she went to the Wat Henry Pontiac Company, the defendant; that she contacted the manager or sales-man in charge of the used cars; that she made a deal for the car; that she was with her brother; and that the brother was present during her negotiations for the purchase of the car; that she asked many questions about the car; that the seller assured her that the car was in good condition; that he had driven the car; that "this is a car we know; this is a car I can recommend"; that "it is in A-1 shape." She informed him that her husband was in Camp Shelby, Miss., and that her child was only seven months old; and that she wanted to be sure she was going to get there. The defendant further assured her that he knew the car, he knew the man who had brought it in, that it was "mechanically perfect" and that it would get her any place she wanted to go. That she asked to drive the car and try it out, but was told that gas rations were very short and they were not allowed to send cars out for trial, but that she had no cause to fear this car, that it was all right; that she could not see the connecting rod or crankshaft or rings; that she was not a mechanic, but was a trained nurse; that after she bought the car they gave her a certificate to send to the O. P. A. ration board to enable her to obtain a gas ration.

That after purchasing the car she drove to Chelsea, which was about fifty miles from Tulsa; that she remained there four or five days; that on the 1st of November, 1944, she started on her trip to Camp Shelby, Miss.; that she had not driven the car more than a few blocks in Chelsea before starting on this trip; that when she got near Fort Smith, Ark., the car began knocking; that she took it to the Robbins Motor Company, the Buick Sales and Service, where it was repaired; that the amount which was paid by plaintiff was $249.56; that after the repairs were made the car ran "good."

The plaintiff was corroborated by her brother whose testimony was substantially the same as plaintiff's. As to the repairs, there was ample evidence of the need and reasonableness

of the charges for the repairs on the car.

The salesman who sold the car testified in substance that he had been an auto mechanic for about twelve years before becoming a salesman; that he was engaged in demonstrating and selling cars; that he did not warrant the car, but explained to the buyer that the sale was without a warranty, but did state that after the deal was closed that he told plaintiff, "I would not be afraid to start, and I wouldn't have been afraid to start any place in the car, because it run as nice as you would expect a car that age to run. There wasn't anything to indicate to me that there was anything wrong with the car, if there was anything wrong with it."

The evidence adduced as to the issues involved was in conflict, each side having witnesses to substantiate their theory. Now, did these facts as stated by plaintiff, if true, constitute an oral warranty?

The rule is that to constitute an express warranty no particular form of words is necessary, and any affirmation of the quality or condition of the vehicle, not uttered as a matter of opinion or belief, made by a seller at the time of sale for the purpose of assuring the buyer of the truth of the fact and inducing the buyer to make the purchase, if so received and relied on by the buyer, is an express warranty. 42 C. J. 781, sec. 324; 46 Am. Jur. 494, sec. 313.

This court in International Harvester Co. v. Lawyer, supra, said:

"Warranty is a matter of intention. A decisive test is whether the vendor assumes to assert a fact of which the buyer is ignorant, or merely states an opinion, or his judgment, upon a matter of which the vendor has no special knowledge, and on which the buyer may also be expected to have an opinion and to exercise his judgment. In the former case there is a warranty; in the latter there is not.

"The buyer knew nothing about the capacity of the automobile purchased. The seller was an expert in the handling of automobiles, and was engaged in the business of demonstrating and selling the same. Held, a statement made by the seller that the automobile could be driven over the roads in a certain vicinity satisfactorily constituted a warranty and was not the expression of a mere opinion."

The facts in this case bring it squarely within the above well-settled principles of law, and the jury was justified in finding that there was an oral warranty.

However, the defendant contends that plaintiff and defendant each signed an O. P. A. "Certification of Purchaser and Seller":

"The undersigned hereby certify that they have complied with the requirements of Maximum Price Regulation No. 540, Maximum Prices for Used Passenger Automobiles, and that the actual sale price of the vehicle is not more than the maximum selling price as established by Maximum Price Regulation No. 540, and further certify that no payment directly or indirectly was or will be made in addition to the actual sale price of the vehicle as shown on this certificate.

"Sign here
"(Signed)     Mrs. Joe E. Bradley
"Signature of Purchaser
"Date . . . . . . . . .
"Sign here
"(Signed)     Wat Henry Pontiac Co.
"Loise Francis
"Signature of Seller
"Date . . . . . . . . ."

and that by reason thereof the plaintiff cannot contradict said O. P. A. statement by oral testimony as this was a written contract, and that under the provisions of 15 O. S. A. 137, the execution of a contract in writing, whether the law requires it to be in writing or not, supersedes all the oral negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument. Obviously, there was no contract in the O. P. A. instrument. It was merely a "certification" that the parties had complied with the requirements of the

maximum price regulation for used automobiles, and was necessary for the buyer to obtain gasoline rations, but if it could be said that it constituted a part of the contract of sale, then it would not be complete and would be governed by the incomplete writing rule; see Sales, 46 Am. Jur. 499, §316, and this contention is untenable under the rule announced in 46 Am. Jur. 502, §321, wherein it is stated:

"If the facts or affirmations relied on to prove an express warranty rest wholly or partly in parol, it has been held that it is ordinarily the province of the jury to determine whether they amount to an express warranty. . ."

Defendant's second proposition is:

"Statements by a salesman as to the condition of an automobile sold at a price lower than it would sell if warranted, or such statements that he would not mind starting any where in the car were merely expressions of opinion."

Defendant argues that the facts in this case are governed by the rule that a seller is permitted to promote his wares so long as he does so in the bounds of reason, and cites Smith v. Bolster, 70 Wash. 1, 125 P. 1022, as his authority. The first paragraph of the syllabus reads:

"Statements by a seller of an automobile, which had been used as a demonstrating car, and had been run about 1,500 miles, made to a buyer who knew the facts, that the car, sold for less than 20 per cent less than the price of a new car, and would go 11 miles to a gallon of gasoline on an average, were mere expressions of opinion, and did not constitute a warranty of the car."

Thus, it is obvious that in this case cited the buyer knew as much about the facts as the seller, and, of course, the buyer, knowing the facts, what the seller said was merely the expression of an opinion. The buyer here was ignorant of the facts, and the defects were hidden and not open to discovery by the buyer. The seller was an expert in handling automobiles, having served for a long period of time as an automobile mechanic before becoming a salesman; and his statements as to the condition of the car and where it could be driven constituted a warranty and not mere opinion. International Harvester Co. v. Lawyer, supra; Pierce v. Crowl, supra.

Defendant's third proposition is:

"Defendant was deprived of a fair and impartial trial and his rights were prejudiced by reason of misconduct and irregularities of plaintiff's counsel."

We have carefully examined the record and observe that probably attorneys in the case have been somewhat overzealous in the presentation of the case, but we find no such conduct as would prevent a fair and impartial trial, or conduct of the plaintiff's attorney that would prejudice the rights of the defendant.

The fourth and last proposition argued by defendant is that the verdict was contrary to the evidence, was not sustained by the evidence, was contrary to law, and that the trial court should have granted a new trial.

It is the well-established rule of this court in law actions where disputed questions of fact are submitted to a jury, the jury's verdict will not be disturbed on appeal where there is any evidence reasonably tending to support it. J. B. Colt Co. v. Koehn, 128 Okla. 39, 260 P. 1060.

This case being properly submitted to the jury on controverted questions of fact, and there being evidence reasonably tending to support their verdict, the judgment is affirmed, and judgment is hereby entered on the supersedeas bond.

DAVISON, C. J., ARNOLD, V. C. J., and CORN, GIBSON, LUTTRELL, HALLEY, and O'NEAL, JJ., concur.