FILED
COURT OF APPEALS
DIVISION II

2013 JUN 11 AM 10: 40

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43437-7-II |
| Respondent, | |
| v. | |
| CLINTON ALLEN PRATHER, | UNPUBLISHED OPINION |
| Appellant. | |

QUINN-BRINTNALL, J. — Clinton Prather appeals from the order clarifying his sentence for his convictions for second degree assault, two counts of felony harassment, and second degree malicious mischief. He argues that the trial court erred in (1) not reducing his term of confinement to allow for his term of community custody and (2) not striking his firearm sentencing enhancements because the State did not prove that the firearm was operational. We affirm.[1]

On December 18, 2007, the trial court sentenced Prather for the convictions noted above. On the second degree assault conviction, the court imposed 120 months of confinement, which included a 36-month firearm sentencing enhancement, to be followed by a term of community custody of 18 to 36 months. On the two convictions for felony harassment, the court imposed 60

---

[1] A commissioner of this court initially considered Prather's appeal as a motion on the merits under RAP 18.14 and then transferred it to a panel of judges.

months of confinement, which included a 60-month firearm sentencing enhancement. On the second degree malicious mischief conviction, the court imposed 29 months of confinement. All four sentences were ordered to run concurrently.

Prather filed a personal restraint petition in 2010, challenging his sentence. Cause No. 41475-9-II. We dismissed his petition. On discretionary review, our supreme court remanded Prather's sentence to the trial court to clarify it in light of *In re Personal Restraint of Brooks*, 166 Wn.2d 664, 671-73, 211 P.3d 1023 (2009). Cause No. 86316-4.

At resentencing, Prather moved for relief from judgment under CrR 7.8(b)(5), arguing that the firearm enhancements should be stricken because the State did not prove that the firearm was operational. He also argued that his term of confinement on the second degree assault should be reduced to 84 months, so that his 18 to 36 months of community custody could fall within his 120-month statutory maximum sentence. On May 30, 2012, the trial court entered the following order clarifying judgment and sentence:

> The judgment and sentence entered in court on DECEMBER 18, 2007 for Count I, Assault in the Second Degree with a Firearm Enhancement, the combination of time spent in actual incarceration and time spent on community custody shall not exceed 120 months, the rest of the Judgment and Sentence shall remain in full force and effect.
> The Court denies the defendant's CrR 7.8 motion, effective May 9, 2012 nunc pro tunc.

Clerk's Papers at 91.

First, Prather argues that the trial court erred in not reducing his term of confinement to 84 months, such that the combination of that term and his 18 to 36 months of community custody would not exceed his 120-month statutory maximum sentence. He contends that under RCW 9.94A.701(9) and *Dress v. Department of Corrections*, 168 Wn. App. 319, 325, 279 P.3d 875

2

(2012), the trial court cannot leave the determination of the duration of his term of community custody to the Department of Corrections.

RCW 9.94A.701(9) provides that "[t]he term of community custody . . . shall be reduced by the court whenever an offender's standard range term of confinement in combination with the term of community custody exceeds the statutory maximum for the crime as provided in RCW 9A.20.021." However, it does not apply to sentences first imposed before July 26, 2009, when the statute was amended to add this language. *State v. Franklin*, 172 Wn.2d 831, 840, 263 P.3d 585 (2011). For those sentences

> [t]he department of corrections shall recalculate the term of community custody and reset the date that community custody will end for each offender currently in confinement or serving a term of community custody for a crime specified in RCW 9.94A.701. That recalculation shall not extend a term of community custody beyond that to which an offender is currently subject.

*Franklin*, 172 Wn.2d at 841 (quoting LAWS OF 2009, ch. 375, § 9).

Because Prather was first sentenced before July 26, 2009, it is up to the Department of Corrections to assure that Prather's term of community custody ends when his combined terms of confinement and community custody reach his statutory maximum sentence of 120 months. *Dress* is inapplicable: it rejected the Department of Correction's contention that it could treat Dress's sentences as consecutive even though the judgment and sentence provided, erroneously, that the sentences were to be served concurrently. The trial court did not err in not reducing Prather's term of confinement or in not reducing his term of community custody.

Second, Prather argues that the trial court erred in not striking his firearm sentencing enhancements because the State did not prove beyond a reasonable doubt that the firearm was

3

No. 43437-7-II

operational.[2] *State v. Pierce*, 155 Wn. App. 701, 714 n.11, 230 P.3d 237 (2010). But in *Pierce*, the State had alleged a deadly weapon enhancement, not a firearm enhancement, and the trial court had not instructed the jury on the definition of firearm. In Prather's case, the State alleged firearm enhancements and the trial court properly instructed the jury on the definition of firearm. In such a case, physical evidence of operability is not required. *State v. Raleigh*, 157 Wn. App. 728, 735-36, 238 P.3d 1211 (2010), *review denied*, 170 Wn.2d 1029 (2011). The investigating officer's testimony that the shotgun was operable was sufficient evidence for the jury to find that Prather was armed with a firearm when he committed his crimes. *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980).

We affirm the trial court's order clarifying Prather's judgment and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

QUINN-BRINTNALL, J.

We concur:

PENOYAR, J.

WORSWICK, C.J.

---

[2] Prather also raises this argument in his statement of additional grounds.

4